JUDGE LINDSAY
delivered the opinion oe the court.
Johnson sued J. H. Thurmond on the notes executed for the payment of the purchase price of the Graves County land. For securing the payment of these notes a lien was reserved in the deed of September 7, 1865.. This suit was compromised and the notes of Thurmond satisfied by the conveyance to Johnson by Andrews and wife of certain land in Tennessee, the transfer of a claim for rents due on said *402 land, and the individual undertaking of Andrews to pay to Johnson the sum of seven hundred dollars.
Johnson did not require Thurmond in his contemplated conveyance to Andrews to reserve a lien to secure the payment of this seven hundred dollars, or any part of it. He therefore had no statutory lien on the land when Thurmond conveyed at the request of Andrews to the wife of the latter, and as he had parted with the legal title he could not assert a lien in equity. But T. G. Thurmond, who holds as the assignee of Johnson a note representing part of the seven hundred dollars agreed to be paid by Andrew's, claims that the effect of the conveyance to the wife of Andrews was to give to her part of her husband’s estate, and that under the statute (sec. 2, chap. 40, Revised Statutes) it is void as to said debt, and therefore may be relieved against by a court of equity. If this be true, the right of action is in the assignee of Andrews, who has been adjudged a bankrupt by a court of competent jurisdiction. Appellant concedes that under ordinary circumstances this would be the case; but he avers that the debt sued on was by Andrews fraudulently omitted from the schedule of debts reported to the bankrupt court, and that by reason of such fraudulent omission neither he nor his assignor had notice of the proceeding in bankruptcy, aud hence had no opportunity to be heard, either as to the discharge granted therein or as to the fraudulent disposition by the bankrupt of the land conveyed by Thurmond to his wife. He argues from these facts that the discharge granted by the bankrupt court does not apply to him, and in no wise affects his right to have a personal judgment against the bankrupt, and to be relieved against the alleged fraudulent and voluntary conveyance of the land.
Section 34 of the bankrupt act provides “ that a discharge duly granted under this act shall, with the exceptions aforesaid, release the bankrupt from all debts, claims, liabilities, and *403 demands which were or might haw been proved against his estate in bankruptcy, and may be pleaded by a simple averment that on the day of its date such discharge was granted to him, setting the same forth in hoec verba as a full and complete bar to all suits brought on any such debts, claims, liabilities, or demands; and the certificate shall be conclusive evidence in favor of such bankrupt of the fact and the regularity of such discharge.”
The debt sued on might have been proved in the bankrupt proceedings, and is therefore embraced by the language of the act. The discharge is properly pleaded, and unless the language quoted is modified by some other section, or by some rule of law that we can not presume Congress intended to disregard, the certificate must be regarded as conclusive not only of the fact that the discharge was granted, but that it was regularly obtained.
"We can not concur in the assumption that because appellant or his assignor was not regularly brought before the bankrupt court by publication and. service of notice, as provided for in section 11 of the bankrupt act, therefore as to them and their debt the said court had no jurisdiction. If this were true as matter of law, then in every case in which a creditor’s name was omitted from the schedule of debts furnished by the bankrupt, and not afterward given to the marshal by the debtor or some one else, the creditor might disregard the proceedings in bankruptcy and enforce his demand in the state court. The bankrupt may innocently omit to report the name of a creditor, or he may not be willing to concede that he is legally bound to pay claims asserted against him. In such cases it is evident that he can not be deprived of the right to rely on his discharge, no matter when or where he may be sued.
If the omission was intentional and fraudulent, then the creditor may at any time within two years after the discharge *404 is granted contest its validity by applying to the court by which it was granted, and have it set aside and annulled. (Section 34 of bankrupt act.)
A careful examination of the eleventh section of the act shows that the principal object of the publication and notice therein required is to afford the various creditors an opportunity to prove their claims, to appoint an assignee, and to be heard in all proceedings relating to the distribution of the bankrupt’s estate.
Section 29 provides for the manner in which notice shall be given in order to invest the court with jurisdiction to grant the discharge when the debtor applies for his discharge. “ The court shall thereupon order notice to be given by mail to all creditors who have proved their debts, and by publication at least once a week in such newspapers as the court shall designate, due regard being had to the general circulation of the same in the district, or in that portion of the district in which the bankrupt and his creditors shall reside, to appear on a day appointed for that purpose, and show cause why a discharge should not be granted to the bankrupt.”
This publication and notice by mail bring all creditors who have proved their claims into court, and the publication alone has the same effect as to all other creditors. Any creditor who has a debt provable under the bankrupt act may appear and resist the discharge, and any and all creditors who fail to appear, whether notified in the one way or the other, will be concluded by the discharge, unless within two -years after it is granted they avail themselves of the right in the proper court to assail it, and upon legal ground to have it set aside and annulled. That any creditor may oppose the discharge and that all will be concluded by it has been repeatedly decided. (In re Luther Shepperd, 1 N. B. Reg. 439; In re Murdock, 3 N. B. Reg. 146.)
If a bankrupt SAvears falsely as- to any material fact con *405 cerning his estate or his debts, a discharge will be refused. (Bankrupt act, section 29.)
If he intentionally, omits from the schedule of debts filed with his petition the name and (if known to him) the place of residence of a person to whom he knows himself to be indebted, such person may upon application to the proper court have his discharge set aside and annulled. ’ (Ib., sections 11 and 34; Burger, &c. v. Sparhawk, Mass. Supreme Court, 4 N. B. Reg. 686.) But a state court can neither annul nor disregard a discharge granted by a court of bankruptcy for any cause that would authorize such court to set it aside. (Carey v. Ripley, Supreme Court of Maine, N. B. Reg. 507; Segmond v. Barnes, Supreme Court of Maine, 6 N. B. Reg. 378; Hudson v. Bingham, Supreme Court of Tenn., 8 N. B. Reg. 494; and Alston v. Robinett, Supreme Court of Texas, 9 N. B. Reg. 74.)
It results therefore that as appellant holds no lien on the land conveyed by J. H. Thurmond to Mrs. Andrews, and as the discharge , presents a bar to his recovery 'of a personal judgment against the husband, he can not complain that the circuit court dismissed the petition.
It would have been more regular to have allowed the cause to be submitted on its merits; but as the whole case was heard upon the demurrer, and as no other judgment could in any event have been rendered, the' action of the circuit court is approved and its judgment affirmed.