JUDGE COFER
delivered the opinion oe the court.
The appellee brought this suit in the Jefferson Court of Common Pleas upon a judgment recovered by him against the appellant in the circuit court of Dearborn County, in the state of Indiana, but did not allege facts showing that that court had jurisdiction of either the subject-matter of the action in which the judgment was obtained, or of the person of the defendant, nor did he allege in general terms that the court had jurisdiction to render the judgment, or that the judgment was duly rendered. What purports to be an exemplified copy of the record was filed with and made part of the petition, and it appears from it that the appellant was summoned and appeared and answered.
A demurrer to the petition on the ground that it did not state facts constituting a cause of action was overruled, and *324 tlxe appellant electing to stand by his demurrer, judgment was rendered against him, and he has appealed.
A judgment for money is a contract of record to pay the amount thereof to the plaintiff. Such a contract, however, is not entered into by the defendant in proper person, but by the court for him, and in order to bind him it must appear that the court had power to render the judgment. That it should so appear is just as essential as it would be, if he was sued on a writing purporting and alleged to have been executed in his name by an agent, to allege that the agent had authority. A court can no moi’e bind a party pei’sonally by a judgment against him without jurisdiction of the subject-matter and of his person than one assuming to act as agent, without authority so to do, can bind him by contract.
Upon principle therefore it would seem to be clear that in suing on a judgment it is necessary to allege in some form facts which show that the court rendering the judgment had jurisdiction both of the subject-matter and of the pei’son of the defendant, for otherwise it had no power to bind him, and its judgment does not prove that the defendant is indebted to the plaintiff in the sum named therein.
Our Code provides (sec. 145) that “neither presumptions of law, nor matters of which judicial notice is taken, need be stated in a pleading.”
But the law does not presume that because a court in a sister state assumed to render a judgment it had jurisdiction to do so, nor can the courts of this state take judicial notice of the jurisdiction of such courts. (Newman’s Pl. & Pr. 586-7; Hollister v. Hollister, 10 Howard’s Pr. Repts. 539.)
Even in respect to our own courts of special jurisdiction, it is necessary in pleading their judgments to allege generally that such judgment “was duly given” (sec. 148, Civil Code), and but for the statute it would be necessary to state the facts giving jurisdiction. It results therefore that as we do not *325 know whether the circuit court of Dearborn County, Indiana, is a court of general or special jurisdiction, to presume in favor of its jurisdiction would be to place its judgments above the judgments of our own courts.
Nor can the defect in the petition be cured by the record made part thereof; first, because defects in a petition can not be cured by reference to an exhibit made part of it (Hill for &c. v. Barrett, 14 B. Mon. 67); and secondly, because, even if the petition could be aided by the exhibit, the exhibit would not prove that the court had jurisdiction of the subject-matter of the action, whatever it might prove as to jurisdiction of the person of the defendant.
“ Full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state;” but this has no reference to the rules of pleading. It relates solely to the effect of such records when offered in evidence. (McElmoyle v. Cohen, 13 Peters, 312.)
Before such a record can be made available it must appear by appropriate allegations, and, if they are denied, by proof, that the court rendering the judgment had power to render it; and that can only be manifested by showing that it had jurisdiction both of the subject-matter and of the person of the defendant.
It is only after a judgment of another state is shown to have been rendered by a court having jurisdiction that it comes within the provision of the Federal Constitution and the act of congress prescribing the manner in which such records shall be proved, and declaring the effect thereof.
The act of congress declares that records and judicial proceedings authenticated according to its requirements “shall have such faith and credit given to them, in every court within the United States, as they have, by law or usage, in the courts of the state from which, they are taken.” (Sec. 905, R. S. U. S., p. 170.)
Until it is shown that the court rendering the alleged judg *326 ment had jurisdiction, it does not appear that such judgment was entitled to any faith or credit in the state where it was rendered; for it is a rule common to all enlightened systems of jurisprudence, as well as of reason and common sense, thaf a judgment rendered by a court without jurisdiction — i. <>., without power to render it — is a mere brutum fulmen.
If this judgment had been sued upon, in Indiana, we are bound to assume that it would have been treated as void unless it had appeared, that the Dearborn Circuit Court had power to render it. It may be that in the courts of that state the jurisdiction of that court would have been presumed, or, what is the same thing, would have been taken notice of without allegation or proof.- But as the jurisdiction of the Indiana court depended upon the law of that state, that jurisdiction is to be established in this state as a fact, just as any other matter depending upon the law of that state.
When the jurisdiction of the court is established, then the record is as conclusive here as if it were the record of a domestic judgment. It is conclusive of the merits of the controversy therein decided; and in that respect, and in that alone, it differs from the record of a judgment rendered by a court of a foreign government, which is only prima fade evidence. (McElmoyle v. Cohen, supra.)
This conclusion is in no way in conflict with the former decisions of this court cited by the learned counsel for the appellee. In Scott v. Cleveland (3 Mon. 62), Biesenthall v. Williams (1 Duvall, 332), and Scott v. Coleman (5 Litt. 349) the court was considering the effect of records of judgments rendered by the courts of sister states as evidence; and in Kerr, Brown & Co. v. Condy (9 Bush, 372) the reference made to such records was in discussing the effect of a Canadian judgment in evidence.
The judgment is reversed, and the cause is remanded with directions to sustain the demurrer to the petition.