## JAMES POLLY, ET AL., *v.* W. M. SMITH, ET AL.

**Suit on Foreign Judgment—Averments Necessary.**

A petition seeking to recover on a foreign judgment is fatally defective which fails to aver that the court entering such judgment had jurisdiction either of the person or of the subject-matter of the action.

**Practise.**

A defect in a petition cannot be cured by reference to an exhibit made a part of it.

### APPEAL FROM PIKE CIRCUIT COURT.

December 5, 1877.

OPINION BY JUDGE LINDSAY:

Whilst it is true the recitals in the mortgage from Smith to Hall do not, as to third parties, tend to prove the good faith of the trans-actions between them, yet, as fraud is not to be presumed and as Hall is asking no relief against these appellants, it was incumbent on them to establish by proper pleadings and evidence the fact that Smith is indebted to them, and also to make out a prima facie case of fraud against Hall, the mortgagee.

The actions of appellants are founded on judgments purporting to have been rendered in their behalf against Smith in the court of common pleas of Hamilton county, Ohio. They fail to aver in each and all of their petitions that said court had jurisdiction either of the person of Smith or of the subject-matter of the action. These are fatal defects, and they are not cured by the transcripts exhibited with the petitions, which show that Smith appeared and made de-fense to each of the actions, first, because a defect in the petition cannot be cured by reference to an exhibit made part of it, and second, even if this were not the true rule, the exhibits do not prove

that the court had jurisdiction of the subject-matter of the actions, whatever might have been its jurisdiction as to the person of the defendant. *Hill v. Barrett,* 14 B. Mon. 83; *Gebhard v. Garnier,* 12 Bush 321.

But further than all this, Hall denies specifically each allegation of fraud, and appellants produced no evidence whatever to establish the charge contained in their petition. The testimony of Hall and Smith, taken by and read in behalf of the appellee, added little or nothing to the presumption existing in his favor, but those witnesses certainly proved nothing upon which appellants could base a hope for relief.

As the petitions of appellants are defective in the omission of a material, in fact an essential, averment, and as there is nothing in the record to show that they would have been entitled to relief against Hall even if their pleadings had been good, they are not entitled to a reversal even as against Smith.

Judgment *affirmed.*

Judge Elliott not sitting.

*George N. Brown, for appellants.   K. F. Prichard, for appellees.*