SAUR, SCHURMAN & CO. *v.* ALEX. SAYRES.

[Abstract Kentucky Law Reporter, Vol. 2—229.]

**Petition on Contract for Sale of Bark.**

Where a contract stipulated for the delivery of 500 cords of prime chestnut-oak bark in the yard of a railroad company at Louisville on or before September 15, 1877, and that the bark should be solidly loaded in the cars, a petition against the purchaser should allege that the bark tendered was prime chestnut-oak bark, solidly loaded in the cars and tendered in the yard of the railroad company at Louisville on or before September 15, 1877; and where it fails to allege such facts or equivalent ones it is bad on demurrer.

**Measure of Damages for Breach of Contract.**

In a suit for breach of contract in not receiving certain personal property sold and tendered, the measure of damages is the difference between the market price and the contract price, at the time and place of the tender for which the defendants are liable; and the price for which the plaintiff actually sold the property is not at all material.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS,

February 17, 1881.

OPINION BY JUDGE COFER:

The contract stipulated for the delivery of 500 cords of prime chestnut-oak bark in the yard of the Louisville & Nashville R. Co. at Louisville on or before September 15, 1877, and that it should be solidly loaded in the cars.

Instead of alleging that the bark tendered was prime chestnut-oak bark, and that it was solidly loaded in the cars and tendered in the yard of the railroad company on or before September 15,

1877, the pleader alleged that, at the respective dates set out in paper filed with and as part of the answer, he shipped to E. P. Martin & Co. "for defendants, delivered in the cars in the yard of the Louisville & Nashville R. Co. at Louisville, Kentucky, the number of cords shown thereon (i. e., on the exhibit), to-wit: 298 cords and 21 feet, of the quality and kind in the contract mentioned, and then and there tendered same to defendants," etc., and that it was solidly loaded in the cars.

Thus far there are two obvious defects in the petition which are not cured by anything else contained therein. Of course the appellee can not recover, no matter what other facts may appear, unless he tendered the bark on or before September 15, 1877. By reference to the exhibit it will appear that the tender was within the time specified in the contract. But as it was indispensable to the appellee's case that the tender should be shown to have been within the time limited in the contract, it should have been stated in the petition when the tender was made, or that it was made on or before the 15th of September. As this is a fact without which the appellee had no cause of action it can not be supplied by reference to an exhibit. *Hill v. Barrett,* 14 B. Mon. (Ky.) 83; *Gebhard v. Garnier,* 12 Bush (Ky.) 321. In the second place, instead of alleging that the bark was of the quality and kind in the contract mentioned the allegation should have been that it was "prime chestnut-oak bark."

The petition is defective in another particular. It does not contain a statement of facts showing any, or at any rate no more than nominal, damages. Having tendered the bark, the appellee might have abandoned it and sued for and recovered the price, upon showing that it was of the kind and quality, and was delivered at the time and place and in the manner stipulated; or he might treat it as his own and sue for the difference between the contract and then market price, or he might sell it, using due precaution to satisfy his lien, and sue for and recover the unpaid balance. *Bell v. Offutt,* 10 Bush (Ky.) 632, and authorities there cited. It does not very clearly appear from the petition which of these optional rights the appellee intended to exercise.

The allegation is that the appellants refused to receive and pay for the bark, "and plaintiff was compelled to put same upon the market for sale at said place and times, and did so sell same at the respective prices shown in said paper, and said 298 cords and 21

feet of bark so sold brought only $2,111.25, instead of $3,727.05, according to contract price, whereby plaintiff hath sustained great loss, and was greatly injured and damaged, to-wit: in the sum of $1,615.80."

There is here no statement that the price received for the bark was the current market price, nor that it was all that could reasonably have been realized for it. That he sold the bark for a designated sum is not equivalent to an allegation that it was sold at the market price or for all he could get for it. The third paragraph is also defective. It was contended in the argument that the defects in the petition were cured by the answer and verdict. Without stopping to discuss the question whether the first and second defects in the second paragraph pointed out above may not have been cured by the answer and verdict, we are satisfied the third was not.

It was necessary that it should appear by allegation in the petition or by denial in the answer that the plaintiff had sustained some damage in consequence of a breach of the contract by the defendants. No such damage is shown by any allegation by the plaintiff or denial by the defendants. The plaintiff alleged that he was compelled to and did sell the bark for a certain sum, and the defendants denied these allegations. Now it was wholly immaterial whether these allegations were true or false, unless it had also been shown that the price realized was the market price at the time and place of the tender. It is for the difference between the market price and the contract price at the time and place of the tender for which the defendants are liable, if liable at all, and the price for which the plaintiff sold the bark is not at all material.

There was, therefore, no issue between the parties as to the question of damages, and the verdict can not cure the defect in the pleadings. The rule on this subject is, "Where there are defects or imperfections in the declaration, yet the issue joined be such as necessarily require, on the trial, proof of the facts defectively or imperfectly stated, or even omitted, and without which it is not reasonable to presume a jury would have given a verdict for the plaintiff, such deficiency is cured by the verdict." *Vaughn's Exr. v. Gardner,* 7 B. Mon. (Ky.) 326. The issue joined, so far from being such as necessarily required on the trial proof of the fact that the price received by appellant for the bark was the current

market price, only required him to prove that the sum alleged was all he sold it for.

As the case must go back for a new trial it would be improper to express an opinion upon the first, second and third grounds for a new trial. The fourth ground is not sufficient to raise any question in this court. *McLain v. Dibble & Co.,* 13 Bush (Ky.) 297. Judgment *reversed,* and cause remanded with directions to sustain the demurrer to the second and third paragraphs of the petition and for further proper proceedings.

*M. A. & D. A. Sachs, for appellants.*

*William Lindsay, E. E. McKay, for appellee.*

[Cited, *Newport &c. Lumber Co. v. Lichtenfeldt,* 24 Ky. L. 1969.]