CASE 84—PETITION ORDINARY—FEBRUARY 11.

# Laidley, &c., v. Cummings.

APPEAL FROM KENTON CIRCUIT COURT.

1. IN PLEADING A DISCHARGE IN BANKRUPTCY, it is not necessary to allege that the court granting the discharge had jurisdiction, or to state the facts conferring jurisdiction, but it *is* necessary to allege, in substance, that the discharge was "duly granted."

    *The certificate of discharge need not be set forth* in the answer in *hæc verba*, it being sufficient to refer to it, file it and make it part of the answer.

2. A DISCHARGE IN BANKRUPTCY CAN NOT BE ADJUDGED NULL AND VOID by a State court, in a collateral proceeding, for want of jurisdiction in the bankrupt court to grant it.

Laidley, &c., v. Cummings.

3. JUDICIAL NOTICE is taken by the State courts of the laws of Congress.

W. H. MACKOY FOR APPELLANTS.

1. An answer, pleading and relying upon a discharge in bankruptcy, must show jurisdiction in the court granting the discharge. (Gebhard v. Garnier, 12 Bush, 321; McElmoyle v. Cohen, 13 Peters, 312; Barron v. Mayor of Baltimore, 7 Peters, 243; Twitchell v. Commonwealth, 7 Wallace, 321; Carpenter v. Snelling, 97 Mass., 452; Green v. Holway, 101 Mass., 49; People v. Gates, 43 N. Y., 40; Moore v. Quirk, 105 Mass., 49; Hunter v. Cobb, 1 Bush, 239; Hills v. Mitson, 8 Exchequer, 750; Sackett v. Andross, 5 Hill, 327; Stephens v. Ely, 6 Hill, 607; Maples v. Burnside, 1 Denio, 332; Varnum v. Wheeler, 1 Denio, 331; Morse v. Presley, 5 Foster, 299; McCormick v. Pickering, 4 Comstock, 276; Johnson v. Ball, 15 New Hamp., 407; Loring v. Kendall, 67 Mass., 305; Stoll v. Wilson, 14 B. R., 571, and s. c., 38 N. J., 198.)

2. Both foreign judgments and judgments of courts of sister States may be attacked in the courts of this State for want of jurisdiction. (Wood v. Wood, 78 Ky., 624; Wickliffe v. Dorsey, 1 Dana, 462; Case v. Woolley, 6 Dana, 20, 22; Davis v. Connelly, 4 B. Mon., 137; Glass v. Sloop Betsey, 3 Dallas, 1; Rose v. Himely, 4 Cranch, 241; Elliott v. Piersol, 1 Peters, 340; Hollingsworth v. Barbour, 4 Peters, 466; Wilcox v. Jackson, 13 Peters, 498; Shriver's Lessee v. Lynn, 2 How., 48; Lessee of Hickey v. Stewart, 3 How., 750; Shelton v. Tiffin, 6 How., 163; Williamson v. Berry, 8 How., 495; Boswell's Lessee v. Otis, 9 How., 336; Webster v. Reid, 11 How., 437; Thatcher v. Powell, 6 Wheaton, 119; Thompson v. Whitman, 18 Wallace, 457; Knowles v. Gas Light and Coke Co., 19 Wallace, 58; Earle v. McVeigh, 91 U. S., 714; St. Clair v. Cox, 106 U. S., 350; Wise v. Watkins, 3 Cranch, 331; Perkins v. Proctor, 2 Wilson, 382; Regina v. Bolton, 1 Q. B., 66 [E. C. L. R., vol. 41]; Smith v. Shaw, 12 Johnson, 257; Suydam v. Keys, 13 Johnson, 444; McCord v. Fisher, 13 B. M., 195; Thumb v. Gresham, 2 Met., 306; Embry v. Miller, 1 Mar., 303; Drake's Adm'r v. Vaughn, 6 J. J. Mar., 146; Fletcher's Adm'r v. Wier, 7 Dana, 347; Holyoke v. Hawkins, 5 Pick., 20; Sears v. Terry, 26 Conn., 273; Borden v. Fitch, 15 Johns., 141; Manuel v. Manuel, 13 Ohio St., 458; Hoffman v. Hoffman, 46 N. Y., 30; Kerr v. Kerr, 41 N. Y., 272; Van Fossen v. The State, 37 Ohio St., 317; Commonwealth v. Blood, 97 Mass., 538; Perry v. St. Joseph, etc., R. R. Co. [Sup. Ct. Kansas], Central Law Journal, vol. 17, page 32; Moore v. Tanner, 5 Mon., 46; Griffith v. Frazier, 8 Cranch, 9; Melia v. Simmons, 45 Wis., 334; Moore v. Smith, 11 Richardson [Law So. Car.], 569; Jochimsen v. Suffolk Savings Bank, 3 Allen, 87; Stiles v. Lay, 9 Ala.,

Laidley, &c., v. Cummings.

795; Morse v. Presley, 5 Foster [N. H.], 299; *In re* Goodfellow, 3 B. R., 452 [Lowell, J.]; *In re* Penn, 3 B. R., 582 [Butterfield, J.]; Chemung Canal Bank v. Judson, 8 N. Y., 254; Wells v. Brackett, 30 Maine, 61; Pennywit *et al.* v. Foote *et al.*, 27 Ohio St., 600; Thompson v. Whitman, 18 Wall., 457; St. Clair v. Cox, 106 U. S., 350; Williamson v. Berry, 8 Howard, 495, 540; Wood v. Wood, 78 Ky., 624; Jones' Adm'r v. L. & N. R. R. Co., 10 Bush, 263.)

.3. An answer pleading and relying upon a discharge in bankruptcy must allege that the discharge was duly granted. (Rev. Stat. U. S., section 5119; Gibson v. People, 5 How. [N. Y.], 543; Butcher v. Stewart, 11 M. & W., 875; Nightingale *v.* Wilcoxson, 10 B. & C., 216; Rockwell's Receiver v. Merwin, 45 N. Y., 166; Pennoyer v. Neff, 95 U. S., 714; Michaels *et al.* v. Post, Assignee, 21 Wall., 398; Sloan v. Lewis, 22 Wallace, 150; New Lamp Chimney Co. v. Ansonia Brass & Copper Co., 91 U. S., 656.)

:CLEARY, HAMILTON & CLEARY for appellee.

1. A certificate of discharge in bankruptcy is conclusive evidence of the fact and regularity of such discharge when pleaded as prescribed by the bankrupt act, and can not be attacked in a collateral proceeding. (Rev. Stat. U. S., section 5120; Pickett v. McGavock, 14 Nat. Bankrupt Reg., page 236; Corey v. Ripey, 4 Nat. Bankrupt Reg., page 503; Way v. Howe, 108 Mass., 502; Thurmond v. Andrews, 10 Bush, 402.)

:2. The jurisdiction of the court granting a discharge in bankruptcy can not be inquired into in a collateral proceeding. (Bump on Bankruptcy, 10th ed., page 8 [4 ed., page 30]; *Ib.*, 10th ed., pages 277, 899; *In re* Walker, 1 Nat. Bankrupt Reg., page 384; *In re* Goodfellow, 3 Nat. Bankrupt Reg., page 452; *In re* Little, 2 Nat. Bankrupt Reg., 294; Rev. Stat. U. S., section 5110.)

.3. In pleading a discharge in bankruptcy, it is not necessary to allege that the discharge was duly granted, or to show the facts which conferred jurisdiction on the court granting it. It is sufficient to aver that on such a day it was granted, and file a copy. It is not necessary to set forth the discharge *in hæc verba.* (Hays v' Ford, 55 Ind., 52; Miller v. Chandler, Sup. Ct. La., 17 Nat' Bankrupt Reg., page 255; Stoll v. Wilson, 14 Nat. Bankrupt Reg., page 571.)

. JUDGE LEWIS delivered the opinion of the court.

This is an action by appellants on a promissory note given January 26, 1875. In his answer to the petition appellee says that June 9, 1875, he filed his

petition in bankruptcy in the District Court of the United States for the Eastern District of Missouri, and such proceedings were had in relation thereto in said court as resulted in him receiving a full, final and complete discharge from all debts and claims which, by the act of Congress establishing a uniform system of bankruptcy throughout the United States, approved March 2, 1867, and an act amendatory thereof, were provable against him on June 9, 1875. The certificate of such discharge, duly authenticated, was filed with and made part of the answer, and pleaded as a complete bar to the action.

The demurrer to the answer having been overruled, appellant filed a reply, in which, after denying appellee had received the discharge, as alleged in the answer, he states that at the time of filing the petition in bankruptcy mentioned, appellee had not, for six months next preceding, nor for any portion of the six months, resided or carried on business in said judicial district; but, on the contrary, at the time of filing said petition, and for more than six months prior thereto, was a resident of the State of Kentucky, and engaged in carrying on business in the State of Ohio, and for that reason the District Court of the United States for the Eastern District of Missouri had no jurisdiction to grant to appellee a discharge in bankruptcy, and the proceedings had in relation thereto, relied on by him as a defense to the action, are null and void.

To the reply the lower court sustained a demurrer, and no amendment thereto being offered, the petition was dismissed.

The first question we will consider arises on the demurrer to the answer, and is whether the defense relied on is properly pleaded.

Section 5119, Revised Statutes of United States, is as follows:

"A discharge in bankruptcy *duly* granted shall, subject to the limitations imposed by the two preceding sections, release the bankrupt from all his debts, claims, liabilities and demands, which were or might have been proved against his estate in bankruptcy. It may be pleaded by a simple averment that on the day of its date such discharge was granted to the bankrupt, setting a full copy of the same forth in its terms as a full and complete bar to all writs brought on any such debts, claims, liabilities or demands. The certificate shall be conclusive evidence in favor of such bankrupt of the fact and regularity of such discharge."

Counsel for appellant contends that the answer is defective in failing to allege any facts which show or tend to show that the court granting the discharge had jurisdiction either of the subject-matter or the person of appellee.

The section thus quoted in terms provides that the discharge may be pleaded by a simple averment that on the day of its date such discharge was granted to the bankrupt, and that the certificate shall be conclusive evidence in his favor.

As the manner in which a discharge in bankruptcy may be pleaded, and the effect to be given to the certificate are specifically mentioned in that section, it would seem it was not intended that in order

to make the answer good there should be an aver-
ment, either that the court granting the discharge
had jurisdiction, or a statement of facts which con-
fer jurisdiction. And even if the sufficiency of the
answer in that respect is to be tested by the rules
of practice and pleading in this State, the omission
would not render it fatally defective.

Section 122, Civil Code, provides, that "in plead-
ing a judgment or determination of a court or officer
it is not necessary to state the facts conferring juris-
diction, but it shall be sufficient to state that the
judgment or determination was duly given or made."
And section 119 provides, that "neither presump-
tions of law nor matters of which judicial notice is
taken, need be stated in the pleading."

It is true that this court has heretofore held in
Gebhard v. Garnier, 12 Bush, 321, that neither of
the sections of the Code quoted apply to judgments
rendered in courts of other States, because the courts
of this State can not take judicial notice of the
statutes of other States conferring the jurisdiction
of courts therein. But the reason does not apply
to United States courts, the jurisdiction of which is
regulated by laws of Congress, of which all State
courts do take judicial notice.

But the discharge which it is provided by section
519 may be pleaded by the simple averment men-
tioned, is one which has been, in the language of
that section, "duly granted," and section 122, Civil
Code, requires a statement that the judgment pleaded
and relied on was "duly given or made." Therefore,
although it was not in this case necessary to state

that the bankrupt court had jurisdiction, and the certificate being properly authenticated, is conclusive evidence in favor of such bankrupt of the fact and regularity of such discharge, still we are inclined to the opinion that in compliance with the section of the bankrupt law quoted, and of our Civil Code, the answer should have contained an averment in substance that the discharge was duly granted, and the demurrer to it ought on account of such omission to have been sustained. But as the provision in the original act requiring the certificate of discharge to be set forth in the answer in *hæc verba* has been omitted from the law as it now stands, we think it was sufficient to refer to file and make it part of the answer, as has been done in this case.

The other and main question arises on the demurrer to the reply, and its determination depends wholly upon the construction of the bankrupt law, by which State courts must be governed.

Section 5114 is as follows: "If any person residing within the jurisdiction of the United States, and owing debts provable in bankruptcy exceeding the amount of three hundred dollars, shall apply by petition, addressed to the judge of the judicial district in which such debtor has resided or carried on business for the six months next preceding the time of filing such petition, or for the longest period during such six months, setting forth his place of residence, his inability to pay his debts in full, his willingness to surrender all his estate and effects for the benefit of his creditors, and his desire to obtain his discharge from his debts, and shall annex

to his petition a schedule and inventory and valuation, in compliance with the next two sections, the filing of such petition shall be an act of bankruptcy, and such petitioner shall be adjudged a bankrupt.''

It will be perceived that in the section the conditions upon which a district court of the United States shall adjudge a petitioner a bankrupt are enumerated in detail, and amongst others is the requirement in respect to his residence and place of business. And it seems to us that under that section it is made indispensable, in order to give jurisdiction in such a case, that the petitioner should state that he had resided or carried on business for six months next before filing the petition in the judicial district, or for the longest period during such six months when such petition is filed. And that such is the interpretation of the section by the Justices of the Supreme Court is made manifest by the form for petitions in such cases which they were required by the law to prepare. For according to that form of petition he is required to state affirmatively he has resided and done business in the district for the length of time prescribed.

Therefore, as the bankrupt law required the jurisdictional facts of residence and place of business to be stated in the petition and sworn to, as a prerequisite to the adjudication by the court, we must presume that, before the court granted the discharge to appellee, the necessary averments were made by him in the petition and passed on by the court. And when that has been done, it is clear that a State court has no authority in a collateral proceed-

ing to call in question the jurisdiction of the district court of the United States, and adjudge a discharge in bankruptcy granted by such court null and void.

Section 5110 provides that no discharge shall be granted, or, if granted, shall be valid, if the bankrupt has willfully sworn falsely in his affidavit annexed to his petition, schedule or inventory, or upon any examination in the course of the proceeding in bankruptcy in relation to any material fact; and by section 5120 it is provided that any creditor who desires to contest the validity of a discharge upon the ground it was fraudulently obtained, may, at any time within two years after the date thereof, apply to the court which granted it to annul the same. Such application must be in writing, and specify which, in particular, of the several acts mentioned in section 5110 is intended to be proved against the bankrupt; and if, upon the hearing, the court finds that the fraudulent act is proved, and that the creditor had no knowledge of the same until after the granting of the discharge, the discharge shall be annulled.

In addition to the foregoing provisions, showing that the question of jurisdiction of the bankrupt court must be determined by that court before granting a final discharge, not only may any creditor, pending the proceedings, contest the jurisdiction, but the bankrupt, before a discharge is granted, is required by section 5113 to subscribe an oath that he has not done any thing specified as a ground for withholding the discharge.

But even if it shall appear that the debtor did not have the requisite status to give jurisdiction, it will not avail a creditor after the discharge has been granted, if he had knowledge of the pendency of the proceedings.

It seems to us that it was intended to confer not only plenary but exclusive authority upon the court granting a discharge to annul it; and, as held by this court in Thurmond v. Andrews, 10 Bush, 400, a State court can neither annul nor disregard a discharge granted by a court of bankruptcy for any cause that would authorize such court to set it aside.

We therefore think the court properly sustained the demurrer to the reply, but for the reasons stated the answer was defective, and the court erred in overruling the demurrer to it.

Wherefore, the judgment is reversed, and cause remanded for further proceedings consistent with this opinion, either party having the right to amend his pleading.