353 P.2d 652

Milton CAMERON, Ladd W. Stone, Earl W. D. McDaniel, Joreen M. Bohn and Carol J. Meyer, Plaintiffs-Appellants,

v.

LAKELAND CLASS A SCHOOL DISTRICT NO. 272, KOOTENAI COUNTY, Idaho, and C. Weston Hatch, Robert Rickel, Walter S. Bates, Everett W. Dickey and Richard Blaisdell, as trustees of said school district, Defendants-Respondents.

No. 8857.

Supreme Court of Idaho.
July 1, 1960.

Bandelin & Cogswell, Sandpoint, for ap-
pellants.

377

Herbert Nagel, Coeur d'Alene, for respondents.

McFADDEN, Justice.

Lakeland Class A School District No. 272, was duly organized in 1948, pursuant to provisions of I.C. § 33–501 et seq. The district is entirely within the boundaries of Kootenai County, Idaho, and includes the territory of approximately fifteen previously existing school districts of various types,

including former Independent School District No. 31, located at Athol, Idaho. Respondents are the trustees of the Lakeland District No. 272, and appellants are school electors and residents of former Independent School District No. 31.

For a number of years prior to July 13, 1959, but subsequent to the organization of the Lakeland District No. 272, the only school in operation in former Independent School District No. 31, was an elementary school of the first six grades, located at Athol. On or before July 13, 1959, respondents, pursuant to action taken at a regular board meeting, voted to discontinue the first six grades at Athol, with the students comprising these grades to be transported by bus to and attend school at Spirit Lake, Idaho, nine miles distant. In addition, the board, at the same meeting, voted to transport all seventh and eighth grade students within District No. 272, to Athol, to attend school there, thereby discontinuing the junior high schools at Rathdrum and Spirit Lake, thus making a junior high school only at Athol.

School electors and residents of former Independent District No. 31 at Athol, instituted this action by Writ of Mandate to compel respondents, as trustees of District No. 272, to order an election to be held within former District No. 31, Athol, pursuant to I.C. § 33–522(b), at which election would be submitted to the school electors the question whether the first six grades

previously maintained at Athol should be discontinued. The court issued the alternate writ of mandate. Respondents moved to quash the alternative writ prior to the time for its hearing, and after hearing, the court entered its judgment dismissing and quashing the writ. Appellants appealed from the judgment, assigning as error, first, the court's granting the motion to dismiss, and second, the court's failing to hold the last paragraphs of I.C. § 33–522(b) unconstitutional as violative of Idaho Constitution, Art. 1, Sec. 21, by depriving the people of the state of home rule of public schools. The portion of I.C. § 33–522(b) attacked reads as follows:

"Discontinuance of any attendance unit within the meaning of this section shall mean no longer maintaining a school at the location where previously maintained."

Regarding appellants' first assignment the crucial issue is whether the action of respondents can be construed as discontinuance of "a school at location where previously maintained."

I.C. § 33–522(b), as amended, prior to the amendment of S.L.1951, Ch. 247, and S.L.1955, Ch. 107 provided:

"The Board of Trustees of any reorganized school district, except such as have already voted for or issued bonds in such district, or have sold or removed any school house or plant in such district, shall have the power to

discontinue operation of any attendance unit situate within the boundaries of the district except as this power is limited in this sub-section:

"1. If five (5) qualified school electors of a previously organized school district, wholly situate within the boundaries of the reorganized district, and which maintained an attendance unit in full operation at the time of the organization of the reorganized district, or maintained an attendance unit in full operation in the school year immediately preceding organization of such reorganized district, shall, between June 1st and August 1st of any year, petition the Board of Trustees for an election within such previously organized district on the question of discontinuance of such previously organized district's attendance unit, the Board shall order an election to be held within ten days in such previously organized district and shall submit to the qualified school electors of such district a ballot which contains the following proposals:

"For Discontinuance of Attendance Unit

"Against Discontinuance of Attendance Unit

"If sixty percent of the qualified electors of such previously organized district voting in such election shall vote against discontinuance of such attendance unit, the Board of Trustees of the Reorganized district shall be without power to discontinue such attendance unit during that school year."

In Andrus v. Hill, 1952, 73 Idaho 196, 249 P.2d 205, dealing with I.C. § 33–522(b) as amended S.L.1949, Ch. 129, set out above, the term "attendance unit", as used therein was held to mean the full operation of the school as it was conducted at the time of reorganization of the district, i. e., if at the time of reorganization, there was in full operation an elementary school of eight grades, that constituted an "attendance unit". If there was in full operation a six grade elementary school, a three grade junior high school, or a three grade senior high school, each of them would constitute an "attendance unit" within the meaning of the act.

S.L.1951, Ch. 247, added the following to the 1949 law:

" * * * provided, however, no attendance unit shall be deprived of its class room unit status as a separate school, or otherwise penalized for its action in maintaining its attendance unit."

S.L.1955, Ch. 107 amended I.C. § 33–522 (b) as amended to read:

"(b) The board of trustees of any reorganized school district * * * shall have the power to discontinue operation of any attendance unit situate

within the boundaries of the district except * * * as hereinafter provided:

"* * *. If the board of trustees proposes to discontinue any attendance unit (1) which is located within the boundaries of what was a previously . organized district which is now wholly situate within the boundaries of the reorganized district and (2) is an attendance unit which was maintained during the year previous to such proposed discontinuance, the board of trustees must give notice of such proposed discontinuance not later than July 1 preceding the beginning of the term for which such discontinuance is to become effective. Such notice shall be posted and published in the same manner notices are required to be posted and published, set forth in section 33-905, Idaho Code as amended.

"If five qualified electors of such previously organized district, at any time between June 1 and August 1, in any year shall petition the board of trustees for an election within such previously organized district on the question of discontinuance of such previously organized district's attendance unit, the board shall order an election to be held within ten days in such previously organized district and shall submit to the qualified school electors of

such district a ballot which contains the following proposals:

"For Discontinuance of Attendance Unit

"Against Discontinuance of Attendance Unit

"If * two-thirds of the qualified electors of such previously organized district voting in such election shall vote against discontinuance of such attendance unit, the board of trustees. of the reorganized district shall be without power to discontinue such attendance unit. * * *

"*Discontinuance of any attendance unit within the meaning of this section shall mean no longer maintaining a school at the location where previously maintained.*" (Emphasis supplied.)

I.C. § 33-1005(g), defines "school" as:

"* * * a group comprising more than one school building, or a separate school building, *or a unit of several grades in any one building, whenever such unit is the basis for computing classroom units* according to the provisions of sections 33-1006 through 33-1007 as amended." (Emphasis supplied.)

I.C. § 33-1006, as amended, provides in part:

"Classroom units—Elementary.— Elementary classroom units shall be allotted to each public school district on the basis of the average daily attend-

ance of pupils receiving instruction in * * * grades one through eight; provided that upon the option of a district operating a high school, the average daily attendance of all pupils * * attending such elementary schools as approved pursuant to section 33–1006 (VII) as amended, may be computed as high school, rather than elementary, classroom units. * * * "

█ The present operation conducted at the Athol school being a separate unit for computing classroom units, meets such legislative requirements necessary to qualify it as a "school" within the meaning of the quoted provisions of our Code. It follows that in this instance, no discontinuance of an attendance unit as that term is defined in I.C. § 33–522(b) as amended, was effectuated by the action of respondents.

██ It is a firmly established rule of statutory construction that definitions of terms included within the framework of a statute, control and dictate the meaning of those terms as used in the statute. Sakrison v. Pierce, 66 Ariz. 162, 185 P.2d 528, 173 A.L.R. 480; Sisk v. Arizona Ice & Cold Storage Co., 60 Ariz. 496, 141 P.2d 395; Creameries of America v. Industrial Comm., 98 Utah 571, 102 P.2d 300; Gaskin v. Wayland, 61 Ariz. 291, 148 P.2d 590. Where the language used by the legislature is clear and unambiguous, the clearly expressed intent of the legislature must be

given effect. State v. Prince, 64 Idaho 343, 132 P.2d 146; Koon v. Bottolfsen, 66 Idaho 771, 169 P.2d 345; State ex rel. Haworth v. Berntsen, 68 Idaho 539, 200 P.2d 1007; Tway v. Williams, 81 Idaho 1, 336 P.2d 115; State v. Lawler, 81 Idaho 171, 338 P.2d 264. Appellants' first assignment is without merit.

Appellants' second assignment of error questions the constitutionality of the last paragraph of I.C. § 33–522(b) as amended, which reads:

"Discontinuance of any attendance unit within the meaning of this section shall mean no longer maintaining a school at the location where previously maintained;"

it being their position that the quoted portion of the statute is unconstitutional as violative of Idaho Const. Art. 1, § 21, as depriving the people of this state of the principle of home rule of public schools.

Idaho Const. Article 1, § 21, provides:

"Reserved rights not impaired.— This enumeration of rights shall not be construed to imperil or deny other rights retained by the people."

The legislature is vested with the power to provide for the education of the children of the state by virtue of Idaho Const. Art. 9, § 1, which reads:

"Legislature to establish system of free schools—The stability of a republican form of government depending

mainly upon the intelligence of the people, it shall be the duty of the legislature of Idaho, to establish and maintain a general uniform and thorough system of public, free common schools."

In Electors of Big Butte Area v. State Board of Education, 78 Idaho 602, 308 P.2d 225, 231, this Court, in discussing the above sections of our constitution, said:

"It must be conceded that under our constitution parents have a right to participate in the supervision and control of the education of their children. True, the constitution vests the legislature with plenary power as well as a specific mandate to provide for the education of the children of the state, Art. 9, § 1, and the board of education with general supervision of the public school system. Art. 9, § 2, but it cannot seriously be urged that in clothing the legislature and the board with such powers the people transferred to them the rights accorded to parenthood before the constitution was adopted. By Art. 1, § 21, such rights were retained by the people."

■ "Unlike the Federal Constitution, the State Constitution is a limitation, not a grant of power. We look to the State Constitution, not to determine what the legislature may do, but to determine what it may not do. If an act of the legislature is not forbidden by the state or federal constitutions, it must be held valid." Eberle v. Nielson, 78 Idaho 572, 306 P.2d 1083, 1086.

■ An examination of I.C. § 33–522(b) as amended, fails to establish any violation of the state or federal constitution; or to disclose any provision forbidding the legislature from authorizing the boards of trustees of reorganized school districts from assigning students within the district as they in their discretion see fit.

■■ I.C. § 33–522(b) as amended, only requires a "school" be maintained at the location where previously maintained; it does not authorize the board of trustees to discontinue the school, as the term is defined therein, without complying with its provisions pertaining to notice and an election upon proper petition, by school electors of the previously organized district. Wellard v. Marcum, 82 Idaho 151, 351 P.2d 482. The legislature, in providing these safeguards, recognized the inherent right of parental control over our public schools. Such control, however, does not include a right by the electors to determine the matters within the discretion of the trustees, such as assigning of students to certain buildings within the district.

There being no valid constitutional objection to the act authorized by the legisla-

ture, the judgment is affirmed. Costs to respondents.

SMITH and McQUADE, JJ., and TOWLES, D. J., concur.

TAYLOR, C. J., sat at the hearing, but did not participate in this opinion.

KNUTSON, J., not participating.