855 P.2d 467

**Jerry L. EVANS, Petitioner,**

v.

**Cecil D. ANDRUS, in his capacity as Governor of the State of Idaho; and Idaho State Board of Education, Respondents.**

**No. 20671.**

Supreme Court of Idaho,
Boise, June 1993 Term.

June 25, 1993.

Larry EchoHawk, Atty. Gen., and Elaine F. Eberharter–Maki, Boise, for petitioner. Elaine F. Eberharter–Maki, argued.

Elam, Burke & Boyd, Boise, for respondents. Bobbi K. Dominick, argued. M. Allyn Dingel, Jr., appearing.

PER CURIAM.

### BACKGROUND

During its 1993 session, the Idaho State Legislature passed House Bill 345 ("H.B. 345"), as amended, and it was signed into law by Governor Cecil D. Andrus, effective July 1, 1993. In enacting it, the legislature deleted from (indicated by strikeout) and added to (indicated by underline) existing law:

IN THE HOUSE OF
REPRESENTATIVES

HOUSE BILL NO. 345

BY EDUCATION COMMITTEE

AN ACT

RELATING TO THE STATE BOARD OF EDUCATION; AMENDING SECTION 33–101, IDAHO CODE, TO SPLIT THE STATE BOARD OF EDUCATION INTO A COUNCIL FOR HIGHER EDUCATION AND A COUNCIL FOR PUBLIC SCHOOLS; AMENDING SECTION 33–102, IDA-

HO CODE, TO INCREASE THE NUMBER OF MEMBERS ON THE STATE BOARD OF EDUCATION AND PROVIDE APPOINTMENT TO THE RESPECTIVE COUNCILS; AMENDING SECTION 33–102A, IDAHO CODE, TO CREATE THE OFFICE OF THE EXECUTIVE OFFICER OF THE COUNCIL FOR HIGHER EDUCATION; AND AMENDING SECTION 33–2802, IDAHO CODE, TO PROVIDE THAT THE UNIVERSITY OF IDAHO SHALL BE GOVERNED BY THE COUNCIL FOR HIGHER EDUCATION AND BOARD OF REGENTS OF THE UNIVERSITY OF IDAHO.

Be It Enacted by the Legislature of the State of Idaho:

Section 1. That Section 33–101, Idaho Code, be, and the same is hereby amended to read as follows:

33–101. CREATION OF BOARD. For the general supervision, ~~government~~ governance and control of all state educational institutions, a state board of education is created. The board shall comprise two (2) separate councils, distinguished as follows:

(1) For general supervision of all state institutions of higher education, and such institutions as may be designated by law, to wit: University of Idaho, Idaho State University, Boise State University, Lewis–Clark State College, ~~School for the Deaf and the Blind~~ the College of Southern Idaho, North Idaho College, and ~~for~~ any other state higher educational institutions which may hereafter be founded, ~~and for~~ a council for higher education and board of regents of the University of Idaho is hereby created.

(2) For general supervision, ~~government~~ and control of the public school system of the state, including ~~public community colleges~~ the School for the Deaf and the Blind and any other state educational institution not connected with higher education which may hereafter be founded, a ~~state board of education~~ council for public schools is created. ~~The said board shall be known as the state board~~

~~of education and board of regents of the University of Idaho.~~

(3) For the general supervision, governance and control of general educational institutions and programs of common access to both higher education and public school systems, including Eastern Idaho Technical College, vocational education, the State Library Board, Idaho work study program, public broadcasting system, Idaho state historical society, and other matters where required by law, the state board of education shall regularly convene as a whole.

For the purposes of section 20, article IV, of the constitution of the state of Idaho, the state board of education and all of its offices, agencies, divisions and departments shall be an executive department of state government.

Where the term "state board" shall hereafter appear, it shall mean the state board of education ~~and board of regents of the University of Idaho~~ and, notwithstanding any other provision of law to the contrary, where appropriate, pursuant to the assignment of duties provided in this section, where such reference is relative to postsecondary institutions and programs or associated arrangements such reference shall mean the council for higher education and board of regents of the University of Idaho, and, where such reference is relative solely to public schools, elementary through secondary levels, and associated programs, such reference shall mean the council for public schools.

SECTION 2. That Section 33-102, Idaho Code, be, and the same is hereby amended to read as follows:

33-102. MEMBERSHIP—APPOINTMENT—TERM OF OFFICE—QUALIFICATIONS—PLACE OF OFFICE. The state board of education shall consist of the state superintendent of public instruction, who shall be an ex-officio voting member and who shall serve as executive secretary of the board for all elementary and secondary school matters, and ~~seven (7)~~ eight (8) members appointed by the governor, each for a term of five (5) years of whom four (4) members shall be selected for the council for public schools and four (4) members shall be selected for the council for higher education and board of regents. The additional member appointed pursuant to this act shall serve an initial term of four (4) years, and thereafter the term shall be for five (5) years. The state superintendent of public instruction shall be an ex-officio voting member of both councils. Annually on the first day of March the governor shall appoint members to fill the board positions for which the terms of office have expired. The governor shall, by appointment, fill any vacancy on the board, such appointment to be for the unexpired term of the retiring member. Appointment to the board shall be made solely upon consideration of the ability of such appointees efficiently to serve the interests of the people, and education, without reference to locality, occupation, party affiliation or religion. Any person appointed to said board shall have been a resident of the state for not less than three (3) years prior to the date of appointment; and shall qualify and assume the duties in accordance with laws governing similar appointments to, and qualifications for, office on other state boards. All appointments of members to the state board of education made after the effective date of this act must be confirmed by the senate.

Members of the state board of education holding office on the effective date of this act shall continue in office for the balance of the term to which they were appointed and shall be designated, by the governor, to the respective council of which they shall be a member in such a manner as to assure that no two (2) members of either council are serving terms which expire in the same year.

The state board shall have and maintain its office at the state capitol.

SECTION 3. That Section 33-102A, Idaho Code, be, and the same is hereby amended to read as follows:

33-102A. OFFICE OF THE STATE BOARD—EXECUTIVE OFFICER—APPOINTMENT—COMPENSATION—

DUTIES AND POWERS. There is hereby created as an executive agency of the state board of education the office of the state board of education, council for higher education. The ~~state board of~~ council for higher education is hereby authorized to appoint an executive officer of the ~~office of the state board of education~~ council who shall serve at the pleasure of the ~~board~~ council and shall receive such salary as fixed by the ~~board~~ council. The executive secretary may be appointed as the executive officer. The executive officer shall, under the direction of the ~~state board of education~~ council, have such duties and powers as prescribed by the said board of regents and the ~~state board of~~ council for higher education, not otherwise assigned by law.

SECTION 4. That Section 33–2802, Idaho Code, be, and the same is hereby amended to read as follows:

33–2802. BOARD OF REGENTS COUNCIL FOR HIGHER EDUCATION. The general supervision, government and control of the University of Idaho is vested in ~~a state board of~~ the council for higher education which also constitutes the board of regents of the university and is known as the ~~state board of~~ council for higher education and board of regents of the University of Idaho.

The parties to this proceeding have stipulated the following:

As of July 1, 1993, Petitioner and Respondents will begin undertaking the tasks assigned by H.B. 345, such as: (1) Respondent Andrus will appoint an eighth member to the Respondent Board; (2) the membership of the council for public schools and the council for higher education will be designated by the Governor; and (3) Respondent Board intends to treat the council for public schools and the council for higher education as two *autonomous* councils, with each council making decisions in their *independent spheres of responsibility, with no over-* *sight or ratification process necessary from the Board as a whole,* with the Board acting as a whole only to address those matters identified in Idaho Code section 33–101(3).

(Emphasis added.)

Petitioner, Jerry L. Evans, the Idaho State Superintendent of Public Instruction and an ex-officio member of the Idaho State Board of Education ("Board of Education"), brings this original proceeding pursuant to Idaho Const. art. 5, § 9, and I.A.R. 43 and 44.[1] He asks this Court to issue an order declaring H.B. 345 unconstitutional, and for orders preventing the Governor of the State of Idaho and the Board of Education from complying with their duties as set forth in H.B. 345.

### ANALYSIS

■ The thrust of H.B. 345 is to divide the Board of Education into three autonomous governing bodies. These bodies would consist of two "councils," one governing "higher" education and one governing "public schools," and a "board of education," which would govern *other* educational institutions and programs. The Governor would select four members to serve on each council. The board of education would be comprised of the members of both councils, akin to a committee of the whole. The Superintendent of Public Instruction would be an ex-officio voting member of both councils and the board of education.

The board of education would not supervise those institutions and programs specifically assigned to the councils. The higher education council would solely govern the "University of Idaho, Idaho State University, Boise State University, Lewis–Clark State College, the College of Southern Idaho, North Idaho College, and ... any other state higher educational institutions which may hereafter be founded...." I.C. § 33–101(1) of H.B. 345. The public school council would solely govern "the public school

---

1. For a comprehensive discussion of this Court's original jurisdiction to issue writs of mandate, prohibition, and a declaratory judgment under Idaho Const. art. 5, § 9, I.C. § 10–1201, and the procedural guidelines pertaining thereto under I.A.R. 43, *see Mead v. Arnell*, 117 Idaho 660, 663–64, 791 P.2d 410, 413–14 (1990).

system of the state, including the School for the Deaf and the Blind and any other state educational institution not connected with higher education which may hereafter be founded...." I.C. § 33–101(2) of H.B. 345. The board of education would solely govern "general educational institutions and programs of common access to both higher education and public school systems, including Eastern Idaho Technical College, vocational education, the State Library Board, Idaho work study program, public broadcasting system, Idaho state historical society, and other matters where required by law...." I.C. § 33–101(3) of H.B. 345.

■ In assessing the validity of H.B. 345, "[w]e look to the State Constitution, not to determine what the legislature may do, but to determine what it may not do." *Cameron v. Lakeland Class A Sch. Dist. No. 272, Kootenai County*, 82 Idaho 375, 382, 353 P.2d 652, 656 (1960). An act of the legislature is presumed to be constitutional. *Bon Appetit Gourmet Foods, Inc. v. State Dep't of Employment*, 117 Idaho 1002, 1003, 793 P.2d 675, 676 (1989). The Constitution of the State of Idaho provides for the Board of Education:

> The general supervision of the state educational institutions and public school system of the state of Idaho, shall be vested in *a* state board of education, the membership, powers and duties of which shall be prescribed by law. The state superintendent of public instruction shall be ex officio member of said board.

Idaho Const. art. 9, § 2 (emphasis added). The current wording of art. 9, § 2 has been in effect since 1912. Prior to 1912, art. 9, § 2 read:

> The general supervision of the public schools of the state shall be vested in a board of education, whose powers and duties shall be prescribed by law; the superintendent of public instruction, the secretary of state and attorney-general, shall constitute the board of which the superintendent of public instruction shall be president.

At the general election in November of 1912, the people of Idaho ratified the legislature's proposed constitutional amendment to art. 9, § 2 when they answered the following question, which appeared on the ballot, in the affirmative:

> Shall Section 2 of Article 9 of the Constitution of the State of Idaho be so amended that the general supervision of the Educational Institutions and Public School System of the State of Idaho shall be vested in *a* State Board of Education, the membership, powers and duties of which shall be prescribed by law?

House Joint Resolution No. 30, § 2, Idaho Session Laws 791, 792 (1911) (emphasis added).

■ Idaho Const. art. 9, § 2 clearly vests *in the Board of Education* governance over all state educational institutions and the public school system of Idaho. *See Cameron*, 82 Idaho at 382, 353 P.2d at 656; *Electors of Big Butte Area v. State Bd. of Educ.*, 78 Idaho 602, 612, 308 P.2d 225, 231 (1957); *Davis v. Moon*, 77 Idaho 146, 153, 289 P.2d 614, 618 (1955).

> When the people of our state have deemed it necessary to impose specific duties upon constitutional entities, they have done so in a manner which is clear and our constitution contains many examples. *See* ... Art. 9, § 2 (duties of the state board of education).

*Union Pac. R.R. v. Board of Tax Appeals*, 103 Idaho 808, 814, 654 P.2d 901, 907 (1982).

■ Plainly, the Constitution of the State of Idaho requires a single board of education to supervise the state educational institutions and public school system of the state of Idaho: "The *general supervision* of the state educational institutions and public school system of the state of Idaho, shall be vested in *a* state board of education...." Idaho Const. art. 9, § 2 (emphasis added). Our duty is to follow and give effect to the plain and unambiguous language of the Constitution. *Sweeney v. Otter*, 119 Idaho 135, 138–39, 804 P.2d 308, 311–12 (1990); *Powell v. Spackman*, 7 Idaho 692, 697, 65 P. 503, 504 (1901), *overruled on other grounds, Hawkins v. Winstead*, 65 Idaho 12, 17–18, 138 P.2d 972, 974 (1943).

The effect of H.B. 345 would be to create *three* boards of education. Each board would supervise portions of Idaho's educational institutions and public school system, thereby depriving the single constitutionally mandated board of authority to act as a whole body on all educational issues which are entrusted to that board by art. 9, § 2 of the Idaho Constitution. Our Constitution, art. 9, § 2, prohibits the legislature from creating more than one board of education to supervise the educational institutions and public school systems of the State of Idaho. We declare H.B. 345 to be unconstitutional, in that it abridges Idaho Const. art. 9, § 2. We therefore issue a writ permanently prohibiting the Governor and the Board of Education from complying with the provisions of H.B. 345.

No costs awarded.

IT IS SO ORDERED.