STEGNER, J., concurring.
I concur in Chief Justice Burdick's decision in its entirety. I write separately to address *28 the concerns raised by the dissents authored by my colleagues Justice Brody and Justice Moeller.
Justice Brody would take "an early off-ramp" from deciding whether Idaho Code section 56-267 is constitutional because she questions this Court's jurisdiction. She writes, "Today, the Court takes on that issue in a case that has not been tested and sharpened through the adversarial system in the district court. Our Constitution purposefully limits this Court's original jurisdiction, recognizing that this institution speaks most clearly when issues and records are fully developed and all of the necessary parties have been named and joined." Her solution would be to dismiss this case on jurisdictional grounds so that Regan can bring his action in district court where it can then wend its way back to us in what, by my estimation, would take years.
In Nez Perce Tribe v. Cenarrusa , 125 Idaho 37, 867 P.2d 911 (1993) we wrote:
Article 5 § 9 of the Idaho Constitution grants this Court "original jurisdiction to issue writs of mandamus, certiorari, prohibition and habeas corpus, and all writs necessary or proper to the complete exercise of its appellate jurisdiction." We will accept jurisdiction to review a petition for extraordinary relief where the petition alleges sufficient facts concerning possible constitutional violations. See Sweeney v. Otter , 119 Idaho 135, 138, 804 P.2d 308, 311 (1990). Furthermore, in certain circumstances this Court will exercise its original jurisdiction to rule on the constitutionality of a statute. See Mead v. Arnell , 117 Idaho 660, 791 P.2d 410 (1990) ; see also Evans v. Andrus , 124 Idaho 6, 855 P.2d 467 (1993).
125 Idaho at 38, 867 P.2d at 912. In that case, the Nez Perce Tribe sought a writ of mandamus "directly from the Secretary of State to respond to the petition and to invalidate the results of the November 3, 1992 election." Id. The Court went further:
Although we question the propriety of a writ of mandamus directed at the Secretary of State to invalidate a constitutional amendment, we, nevertheless, exercise our original jurisdiction because the amended petition of the Nez Perce alleges sufficient facts concerning possible constitutional violations. See Sweeney v. Otter , 119 Idaho at 138, 804 P.2d at 311.
Nez Perce Tribe , 125 Idaho at 39, 867 P.2d at 913.
I am unable to distinguish the facts in this case from Nez Perce Tribe . I also think it noteworthy that in Nez Perce Tribe , the relief sought, a writ of mandamus, and the office-holder against whom the writ was sought, the Secretary of State, are the same as in this case. We found jurisdiction to address the merits in Nez Perce Tribe . We do so here for the same reasons.
Justice Moeller writes: "[s]imply put, I do not believe that Regan's petition presents an urgent constitutional issue sufficient to overcome its jurisdictional deficiencies[.]" As near as I can tell, there are tens of thousands of Idahoans who fall within the Medicaid "gap"-those who make too much to qualify for Medicaid benefits, but do not make enough to be eligible to take advantage of subsidized health insurance. This gap population finds itself without access to health care.
In Sweeney v. Otter , 119 Idaho 135, 138, 804 P.2d 308, 311 (1990), the question presented was: "Does the Lieutenant Governor violate the separation of powers clause of the Idaho Constitution by voting during the Senate's organization session when the vote is equally divided?" To my mind, whether tens of thousands of Idahoans should have access to health care is a much more urgent question than who should chair the germane committees in the Idaho Senate.
Justice Moeller's dissent also fails to consider the fast-approaching 90-day window for the Department to submit any necessary plan amendments. This Court has previously held that review was urgent due to a deadline imposed on the Secretary of State. Van Valkenburgh v. Citizens for Term Limits , 135 Idaho 121, 124, 15 P.3d 1129, 1132 (2000). In addition, the proposition that the 90-day window is enough to satisfy the urgent requirement is further supported by the fact that Van Valkenburgh was still considered urgent despite the deadline having passed before this Court's decision. Id. (The deadline *29 was April 10, 2000 and this Court's decision was issued December 6, 2000.)
Justice Moeller also describes this as a political question that would best be avoided. I return to Sweeney and ask the rhetorical question: how is the determination of who will chair the Idaho Senate's germane committees anything other than a political question? I think the issue presented in this case is much less a political question than that presented in Sweeney .
In sum, rather than taking the quick off-ramp and letting this case languish through the trial court, only to work its way back to this Court, I opt to address the question head-on. The constitutionality of Idaho Code section 56-267 is not a difficult question. We deal with much more challenging and closer questions on a daily basis. The statute is constitutional. Rather than make this pronouncement at some point in the distant future, we have the jurisdiction and the "urgent need" to make it today. The electorate and the other branches of government need and deserve an answer. We have given them one.