FRANK E. SEYMOUR et al., Receivers of the BANK OF MINNESOTA, Respondents, v. ELLA I. NEWMAN et al., Appellants.

St. Louis Court of Appeals, December 27, 1898.

1. **Receivers of Former Plaintiff Substituted as Parties Plaintiff:** DISTRICT COURT OF MINNESOTA: JUDGMENT. The judgment of a court of record in another state of the union when made the basis of a suit here, does not shut off inquiry as to the jurisdiction of the subject-matter, nor of the person of a defendant. It is however the general rule, supported by the weight of authority and reason, that the judgments of courts of record of any state in the union, regular on their face and duly authenticated under the act of congress, are, by virtue of the provisions of the constitution of the United States giving full faith and credit in one state to the judicial proceedings of another, entitled to a *prima facie* presumption in their favor as to jurisdiction on the part of the court rendering the judgments both of the cause of action and the person of defendant.

2. ———: ———: ONUS. In the case at bar, the *onus* was upon the appellants to show a want of jurisdiction in either particular and not having attempted to do so in any way they can not question the authority of the Minnesota court to appoint receivers.

3. **Appointment of Receivers of Bank in Another State:** EVIDENCE OF. In the case at bar, the record produced shows a decree appointing the receivers, and an order of transfer of the property disposed of by said decree to them. This coupled with the evidence *aliunde* of the actual transfer of the property in conformity with the decree held to be sufficient to show the appointment of the substituted plaintiffs as receivers of the defunct bank.

4. **Receivers' Bond:** PREREQUISITE: EVIDENCE. As the right of the receivers to prosecute this suit was made to depend upon this condition as to the execution of a bond, and as the record in the case at bar is barren of any evidence tending to show a performance thereof, held, that the right to sue as receivers under said decree has not accrued to the present plaintiffs.

*Appeal from the St. Louis City Circuit Court.*—HON. JOHN A. TALTY, Judge.

REVERSED AND REMANDED.

THEODORE RASSIEUR for respondents.

When the officer taking the desposition, in his certificate, states the place of residence of the witness, such statement is *prima facie* evidence of the facts. R. S. 1889, sec. 4462. Even if this action were prosecuted by plaintiffs, solely as receivers, they would still be permitted to recover in this case. In a spirit of comity, our courts permit foreign receivers to sue here, when there is no valid reason to deny the right. Robertson v. Staed, 135 Mo. 135; Baldwin v. Circuit Judge, 101 Mich. 119, 133; 20 Am. and Eng. Ency. of Law, p. 242. If the right to sue is given to the receiver, generally, in the order appointing him, special leave to sue need not be obtained. Alderson's Beach on Receivers, sec. 651; 20 Am. and Eng. Ency. of Law, p. 230. Nor can this objection be raised in the appellate court for the first time. Conley v. Deere, 79 Tenn. 274, 275. But these plaintiffs were substituted for the original plaintiff in accordance with section 2204 of the Revised Statutes, as the parties "to whom the transfer is made." A foreign assignee or trustee for creditors, to whom the title has been transferred, may maintain suit in our courts. Zuppann v. Bauer, 17 Mo. App. 678; Askew v. La Cygne Bank, 83 Mo. 366; Glenn v. Hunt, 120 Mo. 330, 341. And where a receiver acquires title by assignment, executed under order of court, foreign courts will treat his character of receiver as merely *descriptio personae*, and he will be allowed to sue in his capacity as assignee. 20 Am. and Eng. Ency. of Law, p. 245; Graydon v. Church,

7 Mich. 36, 53. The term "transfer" includes a sale or conveyance. R. S., sec. 2204; Hanna v. Land Co., 126 Mo. 1, 15; Innerarity v. Mims, 1 Ala. 660, 669.

H. A. LOEVY for appellants.

The court erred in admitting decree of appointment. This was objected to: Because it was incompetent without proof of jurisdiction of the Minnesota court to so appoint. Because the decree was only part of the record and proceeding, and was incompetent in absence of the remainder. Because there was no proof that the persons appointed had given the $1,000,000 bond required by the decree as a prerequisite to their taking charge of the assets. It is fundamental that when a right sought to be enforced in a domestic court of justice is based upon a decree or judgment of a foreign court it must be shown that it had jurisdiction to render it. Wyeth Hdw. and Mfg. Co. v. Lang, 54 Mo. App. 149, 150. What have we here to show that there is such a court as the district court or if there is, that it is authorized to exercise chancery powers and appoint receivers? Such jurisdiction lies at the foundation of the right of the alleged receivers to maintain this action. The jurisdiction of the appointing court is not presumed. 20 Am. and Eng. Ency. of Law, 243; Beach Eq. Jur. 1, pp. 738, 739. Even if the Minnesota court had jurisdiction of the insolvency proceedings, the entire record is necessary. Lee v. Lee, 21 Mo. 534; Crone v. Dawson, 19 Mo. App. 218. The transcript of the judgment offered in evidence in the case of Crone v. Dawson, 19 Mo. App. 214, contained only a copy of the judgment. That record was clearly insufficient and the court so held. Williams v. Williams, 53 Mo. App. 623. * * * If they did not give the bond, they were without authority to act,

as the giving of the bond is a condition precedent and failure to give it and prove that it was given, are fatal to recovery.   Johnson v. Martin, 1 Thompson and C. N. Y. 504;  Approved Beach Eq. Jur., p. 720.   If an injunction is not effective until the required bond is given, much less is an order requiring bond for a million of dollars from a receiver.   High on Injunctions, sec. 1621.

BOND, J.—The Bank of Minnesota, a corporation of that state, sued the defendants as copartners upon their acceptance of a draft for $187.85, which was purchased before maturity by plaintiff.   There was a judgment for plaintiff before the justice, and defendants appealed to the circuit court.   While the cause was pending in that court, Frank E. Seymour and W. H. Lightner petitioned it to be substituted as parties plaintiff for the Bank of Minnesota, alleging that they had been duly appointed receivers of that corporation by proceedings in the district court for the second judicial district of the state of Minnesota, sitting in and for Ramsey county, with full power to collect and sue for all its assets, for which purpose said bank had assigned to them all its assets; that they qualified as such receivers.   In support of their motion said petitioners introduced in evidence a copy of an order of their appointment as such receivers upon executing a bond for $1,000,000, attested by the clerk and under the seal of said court.   They also introduced in evidence a bill of sale to them as receivers of all the assets made by said bank.   This evidence was received and plaintiffs were substituted for the bank, over the objections of defendants, who preserved exceptions by special bill of exceptions.   On the trial the deposition of the assistant cashier of the bank was read (over defendant's objection) showing the title of the bank to

the draft. The aforesaid order of appointment of receivers and the bill of sale from the bank to them were also read in evidence, against defendants' objection, and exceptions saved at the time. The case was tried before the court without a jury. Plaintiffs asked no instructions, nor were any given. The court refused an instruction requested by defendants in the nature of a demurrer to the evidence, and gave judgment for plaintiffs for $202.10, from which this appeal was taken.

It is insisted by appellants that the present plaintiffs, who were substituted as the receivers of the former plaintiff, are not entitled to sue as such receivers. First, because it was not affirmatively shown on their behalf that the district court of Minnesota had jurisdiction of the subject-matter of the appointment of receivers. It is well settled in this state that the judgment of a court of record in another state of the union when made the basis of a suit here, does not shut off inquiry as to the jurisdiction of the subject-matter, nor of the person of the defendant. Williams v. Williams, 53 Mo. App. loc. cit. 619; Hays v. Merkle, 70 Mo. App. loc. cit. 511, and that want of jurisdiction as to the person may be shown under a general denial in an action on a judgment of a sister state. Hays v. Merkle, 67 Mo. App. loc. cit. 57, 58. It is, however, the general rule, supported by the weight of authority and reason, that the judgment of courts of records of any state in the union, regular on their face and duly authenticated under the act of congress, are, by virtue of the provisions of the constitution of the United States giving full faith and credit in one state to the judicial proceedings of another, entitled to a *prima facie* presumption as to jurisdiction on the part of the court rendering the judgments both of the cause of action and the person of defendant. 2 Freeman on Judgments, sec. 565, and citations. Hence in the case at bar the *onus* was

upon appellants to show a want of jurisdiction in either particular. Not having attempted to do so in any way, they are in no position to question the authority of the Minnesota court to appoint receivers.

It is next urged that to show a valid appointment of the receivers, it was necessary to introduce in evidence the entire record and proceedings of the Minnesota court of the case before it. If the present were a suit for the purpose of using the entire proceedings in another cause as evidence, then all of these would have to be shown for that purpose. But that rule does not apply when the judgment alone is sought to be used as evidence. The whole purpose of the present action is to show the status created by the former judgment in so far as it determined the right and title of the parties thereto to the property disposed of therein. In such cases the fact to be shown is merely one of ownership or character in which plaintiff sues, hence it is sufficient that "enough of the record is produced to establish that fact." Lee's Adm'r v. Lee, 21 Mo. loc. cit. 534, citing 7 Monroe, 386. In this case the record produced shows a decree appointing the receivers, and an order of transfer of the property disposed of by said decree to them. This, coupled with the evidence *aliunde* of the actual transfer of the property in conformity with the decree, is sufficient to show the appointment of the substituted plaintiffs as receivers of the defunct bank. Hence appellants' objection that a copy of the entire proceedings of the Minnesota court was indispensable for that purpose, was properly overruled. But it is also insisted by appellants that the present plaintiffs under the express terms of the decree appointing them as receivers were required to give a bond for $1,000,000 before taking charge of and suing for the assets placed in their hands as receivers, and that the

present record wholly fails to show compliance with this requirement. The objection is fully sustained by the language of the decree which expressly provides. that the parties named therein as receivers "*upon filing a bond for a million* of dollars," approved by the court," are authorized to take possession and sue for the assets, and by the absence of any evidence whatever in this record showing that the bond in question was given by plaintiffs. In their petition to be substituted the present plaintiffs alleged that they had duly qualified as receivers, but they introduced no evidence to sustain that allegation. As their right to prosecute this suit was by the terms of the decree made to depend upon this condition as to the execution of a bond, and the record is barren of any evidence tending to show a performance thereof, it necessarily follows that the right to sue as receivers under said decree has not accrued to the present plaintiffs, and that the point under review must be resolved in favor of the position taken by appellants. But respondents argue that inasmuch as the record shows that plaintiffs are the grantees under a bill of sale from the insolvent bank, they are entitled to sue as title-holders thereunder independently of any right as receivers to maintain the present action. There are two answers to this contention. *First*, this intervention by plaintiffs was based *solely* on the ground that they were entitled to prosecute this action as the receivers of the former plaintiff and under an order of appointment as such by the court of another state. In other words, their whole capacity to sue was alleged in right of the receivership. When a suit is brought and prosecuted to a judgment in one capacity, which appears on appeal to have been erroneous, the recovery will not be upheld because it might have resulted if plaintiff had sued in a totally different capacity and tried his case in the lower court.

upon a totally different theory. Parties are not permitted on appeal for the first time to shift the positions assumed in the trial courts. *Secondly*, the rule permitting a foreign assignee or trustee for creditors to whom title has been voluntarily transferred to maintain an action for the property so conveyed in the courts of this state is subject to two limitations. It does not prevail unless the assignment was voluntary, nor if it conflicts with the laws or policy of this state. Askew v. Bank, 83 Mo. loc. cit. 371. In the case at bar the transfer to the present plaintiffs was compelled by a decree of court. It was made to the receivers named in the decree in their capacity as such, and not otherwise. This was merely an equivalent method of transfer of the property adopted by the court instead of a direct decree of divestiture and investiture of title between the bank and the receivers. It was in no sense of the term a voluntary assignment made by the grantor *ex suo motu*, and hence was not one that would carry title except as it might be carried by a decree of the court of another state.

There are other objections made in appellants' brief, which need not be noticed, as the foregoing reasons show that the judgment rendered herein is erroneous. It will, therefore, be reversed and the cause remanded. All concur.