# Montgomery v. Consolidated Boat Store Co.

APPEAL FROM KENTON CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. AFFIRMED.

FOREIGN JUDGMENT—ACTION THEREON—JURISDICTION OF FOREIGN COURT—SUFFICIENCY OF ALLEGATIONS—TRANSCRIPT—COMPLETENESS.

Held: 1. In an action on the judgment of a sister State, it is sufficient to allege, as showing jurisdiction in the former court, that defendant appeared, and that the court was one of general equity or law jurisdiction, without pleading the statute of the sister State, or setting out further facts showing the jurisdiction of its court.

2. A transcript of the judgment of a sister State on which execution has been issued and certified, as required by U. S. St., sections 905-909 [U. S. Comp. St., 1901, pp. 677-679], so as to entitle the judgment to full faith and credit, will be deemed to contain a complete copy of the judgment, though it differs in form from the form of judgment used in Kentucky.

Montgomery v. Consolidated Boat Store Company.

MARTIN M. DURRETT, FOR APPELLANT.

In this action by appellee on an alleged judgment recovered by it against appellant in the "superior court of Cincinnati, Ohio," the appellee alleges in his petition as amended, that, "at the time said judgment was rendered, the superior court of Cincinnati, Hamilton county, Ohio, was, and is, a court of general equity and common law jurisdiction; that as such it had on the dates set out in the petition, and has at the present time, jurisdiction of the settlement of affairs of insolvent corporations; that in a suit specifically set out in its petition which was instituted for the purpose of settling the affairs of the Cincinnati Marine Railway Company, and did settle the affairs of said company, judgment was recovered by it against the defendant, Alexander Montgomery, and that said judgment was duly rendered."

1. We submit that this is not a sufficient plea, (1) because there is not a solitary fact alleged to show that the State of Ohio ever conferred any jurisdiction on this court, or ever organized such a court, and the allegation is simply a conclusion of law, (2) because, even if it were a proper allegation, the amended petition does not allege that the Cincinnati Marine Railway Company was an insolvent corporation or indeed that it was a corporation.

2. The defendant answered by way of traverse, and the only proof introduced by plaintiff is, what the plaintiff designates as the transcript of the judgment sued on.

This transcript is not certified by the clerk to be a true and correct transcript of the final decree or judgment, but merely certifies that it is a true and correct transcript of "Min., 646, Final Decree," &c., and "Min., 1040, Entry," &c. It must be presumed that the sign "Min." is an abbreviation of the word, "minute," and the expression, "Min., 646, Final Decree," and "Min., 1040, Entry," mean Minute, 646, of the Final Decree, and Minute No. 1040, of an Entry.

There is nothing in the record to show that it is the practice in the State of Ohio, that these minutes of the clerk are the only records of their judgments, and this court is bound to presume that the courts of Ohio follow the usual custom of having the clerks make up the orders and judgments of the court from their minutes and spread them on the order and judgment books of the court as its record, and we insist that this incomplete and mutilated record is not sufficient to overcome the denials set out in the appellant's answer.

### AUTHORITIES CITED.

Gebhard v. Garnier, 12 Bush, 321; Laidley v. Cummins, 83 Ky., 606; Mays v. Brittan, &c., 34 La. Ann., 986; Chum v. Caldwell, &c., 4 Bibb., 543; McGuire v. Kouns, 7 Mon., 386; Hann v. Field, Litt. Sel. Cases, 377; Brown v. Hathaway, 10 Minn., 303; State v. Baldwin, 62 Minn., 513; Lehr v. Hall, 6 Miss., 54; Willard v. Harvey, 24 N. H., 344; Guinn v. Hamel, 2 Hill, N. Y., 434; Walker v. Greenlee, 10 N. C., 281; Moore v. Bruner, 31 Ill. Ap., 400; McGuire v. Goodman, 31 Ill., Ap., 420; Trogdan v. Cleveland Stone Co., 53 Ill. Ap., 206; Miller v. Wolf, 63 Iowa, 233; Brown v. Eaton, 98 Ind., 595; Ogden v. Walters, 12 Kan., 292.

OPINION OF THE COURT BY JUDGE HOBSON—AFFIRMING.

Appellee filed this suit to recover the amount of a judgment rendered in its favor against appellant in the superior court of Cincinnati, Hamilton county, Ohio, and, judgment having been rendered in favor of appellee, a reversal is sought on two grounds.

1. It is urged that the petition is not sufficient, in that it fails to state facts showing that the Ohio court had jurisdiction of the subject-matter and of the person of the defendant when it rendered the judgment. Gebhard v. Garnier, 75 Ky., 321, 23 Am. Rep., 721, and Laidley v. Cummins, 83 Ky., 606, 7 R., 616, are relied on. The last case seems to have no application, as that involved a judgment of a district court of the United States, and it was held that this court would take judicial notice of acts of Congress defining the powers of the district court. In the other case, suit was filed on a judgment of the circuit court of Dearborn county, Ind., but no facts were alleged showing what the jurisdiction of that court was. It was not alleged that it was a court of general equity or common-law jurisdiction. But in this case it is alleged that appellant appeared personally in the court and filed answer. It is also alleged that the court was one of general equity and

Montgomery v. Consolidated Boat Store Company.

common-law jurisdiction. The general averment of a fact of this character is sufficient. It would be needless prolixity to require the statute of Ohio to be set out in *haec verba*. It may be pleaded according to its effect. As the foreign law must be proved as any other fact, it may also be pleaded as any other fact.

2. It is also insisted that the transcript of the judgment is not of the entire decree. We do not see anything in the record to sustain this idea. No such defense was made in the trial court. The forms of procedure vary in the different States in matters of detail, and while the form of this judgment is not that in use in Kentucky, we think it is the entire judgment in the matter, and was properly treated as such by the circuit court. We can not understand why the execution issued upon it if it was not intended as a judgment. It is certified according to the acts of Congress, by which the courts of this State are required to give such faith and credit to the judgment as it would have at the place whence the records come. U. S. St., sections 905, 909 [U. S. Comp. St., 1901, pp. 677, 679].

Judgment affirmed.