(No. 7018.  December 19, 1942.)

STATE, Respondent, v. FRANK PRINCE and ANTHONY BEAUDOIN, Appellants.

[132 Pac. (2d) 146.]

Weldon Schimke for appellants.

Bert H. Miller, Attorney General, and J. R. Smead, Assistant Attorney General, for respondent.

BUDGE, J.—This appeal is from an order overruling appellants' motion for a new trial. The record discloses substantially the following facts:

Appellants were duly convicted of the crime of second degree burglary in the District Court of the Second Judicial District for Latah County on the 11th day of March, 1941. While incarcerated in the Latah County jail, it is charged in the information "on or about the 12th day of March, 1941 * * * * Frank Prince and Anthony Beaudoin, * * * * did then and there wilfully, knowingly and unlawfully escape from confinement" in said county jail. The information further charges the appellants as "persistent violators of the law" within the meaning of Sec. 19-2414,

I. C. A., in that each of them, prior to their conviction of the crime of burglary of the second degree, and the crime of escape by prisoners convicted of a felony, had been convicted of a felony in the State of Oregon: appellant Frank Prince having been convicted of the crime of obtaining money by false pretenses, a felony, in the Circuit Court of the State of Oregon, for Umatilla County, on the 6th day of January, 1939; and appellant Anthony Beaudoin having been convicted of the crime of receiving and concealing stolen property, a felony, in the Circuit Court of the State of Oregon, for Clackmas County, on the 2nd day of December, 1936. It is conceded that both appellants were duly convicted of the crime of burglary of the second degree, and that they were also both convicted under the provisions of Sec. 17-803, I. C. A., of the crime of escape by prisoners convicted of a felony, which is also a felony. Appellants, and each of them, plead not guilty to the charge of being a persistent violator of the law, and it is upon this phase of the case that we are concerned. Appellants specify and rely upon three assignments of error;

### I.

That "The evidence is insufficient to support the verdict in that

▪ There is no evidence that the Oregon Circuit Courts had jurisdiction to render the judgments of conviction against the defendants as pleaded in the information.

▪ There is no evidence that the offenses of which the defendants were convicted in Oregon would have been felonies had they been committed in Idaho.

### II.

That the court erred in refusing to direct a verdict in favor of the defendants upon the persistent violator aspect of the case for the reason that the evidence was insufficient to support the verdict by reason of the lack of proof of the issues set forth in the first specification of error herein.

### III.

That the court erred in refusing to grant a new trial to correct the errors more particularly specified herein".

This appeal involves the "persistent violator" statute, Sec. 19-2414, supra, and presents two questions:

1. Is it necessary for the state to prove that the previous felony convictions relied upon would have been felonies under the laws of Idaho, had they been committed here?

2. Is it necessary for the state to prove that the Oregon courts which rendered the two judgments of conviction against the defendants had jurisdiction to render the same?

It is insisted the state submitted no proof upon either issue. We will discuss these questions in their inverse order. Does the record show the respective Oregon Courts had jurisdiction in the former criminal actions, or proceedings, against appellants in Oregon, and jurisdiction to render the judgment pronounced against them? It may be conceded that it was necessary for the state to establish upon the trial that the Oregon Court had jurisdiction of appellants, and jurisdiction to enter judgment against them, in order to sustain the conviction in the instant case, that they were persistent violators of the law. It is, therefore, with the method of proof of jurisdiction of the Oregon Court we are now concerned, and of what that proof must consist.

The Federal Constitution provides:

"Full faith and credit shall be given * * * * * to the public acts, records, and judicial proceedings of every other state. And the congress may by general laws prescribe the manner in which such acts, records and proceedings shall be proved, and the effect thereof." Article IV, Sec. 1.

Congress has so provided:

"The records and judicial proceedings of the courts of any State or Territory, or of any such country, shall be proved or admitted in any other court within the United States, by the attestation of the clerk, and the seal of the court annexed, if there be a seal, together with a certificate of the judge, chief justice, or presiding magistrate, that the said attestation is in due form. *And the said records and judicial proceedings, so authenticated, shall have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the State from which they are taken."* 28 U. S. C. A., Sec. 687. [Emphasis ours.]

Section 16-310, I. C. A., provides:

"A judicial record of this state, or of the United States,

may be proved by the production of the original, or by a copy thereof, certified by the clerk or other person having the legal custody thereof. That of another state or territory may be proved by the attestation of the clerk and the seal of the court annexed, if there be a clerk and seal, together with a certificate of the chief judge or presiding magistrate, that the attestation is in due form."

An examination of State's Exhibits "A" and "B", admitted in evidence, shows a compliance with the provisions of the Federal Constitution, the Act of Congress, and Section 16-310, supra; each exhibit being properly authenticated as and in the manner required by Act of Congress, and the statutes of this State, as above provided. Exhibit "A" recites appellant Frank Prince was convicted upon his plea of guilty of the crime of obtaining money by false pretenses, a felony, with which offense he was charged in the information of the District Attorney of Umatilla County, State of Oregon, and he was sentenced and committed to imprisonment in the penitentiary of said State for a period of two years. Exhibit "B" discloses that an information was duly filed in the Circuit Court of the County of Clackmas, State of Oregon, by the District Attorney of said State, charging the appellant Anthony Beaudoin with the crime of receiving and concealing stolen property, a felony, on or about the 5th day of December, 1936; that upon his plea of guilty, he was convicted of said crime and sentenced and committed to the penitentiary of said state for the period of not more than five years. Both Exhibits "A" and "B" bear the seal of the court, and are duly authenticated, as required by Sec. 16-310, supra, and Sec. 687, 28 U. S. C. A. 456.

Exhibits "A" and "B" being properly authenticated, were admissible in evidence, and entitled to the same faith and credit which would have been accorded to them in the State of Oregon. (U. S. Constitution, Art. IV, Sec. 1; 28 U. S. C. A., Sec. 687.) Said exhibits established the fact that the Oregon Courts had a presiding judge, a clerk and seal. In such circumstances, the presumption is the court was one of general jurisdiction, and its judgment imports absolute verity and is final and conclusive. The judgments are proof of what they show on their face and are the best and only competent evidence thereof. The jurisdiction of the Oregon Court was, therefore, established as a matter of fact and by presumption of law. (*Allen v. Common-*

*wealth,* 272 Ky. 533, 114 S. W. (2d) 757; *Freeman on Judgments,* 5th Ed. 1037; *Montgomery v. Consolidated Boat Store Co.,* 115 Ky. 156, 72 S. W. 816, 103 Am. State Reports, 302-304, see Notes; In re: Black (N. Y.) 4 Abbott's Reports 162; *Bailey v. Martin,* 119 Ind. 103, 21 N. E. 346; *Burnham v. State,* 127 Neb. 370, 255 N. W. 48; 34 C. J. 1124; *Poll v. Hicks,* 67 Kan. 191, 72 P. 847; *Van Norman v. Gordon,* 17 Mass. 576, 70 Am. State Reports 304, 53 N. E. 267, 44 L. R. A. 840; *Seymour v. Newman,* 77 Mo. App. 578.)

We have, therefore concluded that there is sufficient evidence to establish that the Oregon Courts had jurisdiction of the person of each of the appellants, and jurisdiction to enter the particular judgments, here under discussion, against them, and the court did not err in the admission of said judgments in evidence.

Coming now to appellants' second assignment of error under Specification of Error No. I, namely, "that there is no evidence that the offenses of which appellants were convicted in Oregon would have been felonies had they been committed in Idaho." This contention cannot be sustained for the reason that Sec. 19-2414, supra, in plain and unambiguous language provides that:

*"Any person convicted for the third time of the commission of a felony, whether the previous convictions were had within the state of Idaho or were had outside the state of Idaho, shall be considered a persistent violator of law,* * * * * * * ." [Emphasis ours.]

This statute leaves no room or affords no justification that would warrant sustaining appellant's contention. The rule is too well settled in this jurisdiction that, where the language of a statute is unambiguous, the clearly expressed intent of the legislature must be given effect, and there is no occasion for construction. (*State v. Jutilla,* 34 Ida. 595, 202 P. 566; *State v. Armstrong,* 38 Ida. 493-501, 225 P. 491; *State v. Malcolm,* 39 Ida. 185, 226 P. 1083; *State v. Marks,* 45 Ida. 92, 260 P. 697.) Each appellant having been convicted for the third time of the commission of a felony, either within or without the State of Idaho, was a persistent violator of the law within the terms of the statute.

There is nothing in our statute which would warrant the construction that the three felonies charged up against

each appellant must have been committed in Idaho, or the offenses of which the appellants were convicted in Oregon would have been felonies had they been committed in Idaho: but to the contrary, the statute specifically provides that any person convicted of a felony for the third time shall be considered a persistent violator of law. (Sec. 19-2414, supra.) Good citizenship requires obedience and observance to the laws of sister states as much as those of this state. (In re: Minner, 133 Kan. 789, 3 P. 473; *State v. Stiff*, 148 Kan. 224, 80 P. (2d) 1089.)

In *Garcia v. State*, 145 S. W. (2d) 180, it is held "prior convictions of felonies in states other than Texas, will support imposition of life sentence under habitual criminal statute on third conviction of a felony." In that case, it being contended by the appellant that in order to support an increased penalty, the previous felony must have been committed within the State of Texas, and they must have been convictions in the state courts. The court refused to sustain the contention so made, and announced the rule to be "that it is well settled that convictions of a felony in other states will support the enhancement of the penalty."

The purpose of the statute is to increase the penalty for the third conviction of a felony, whether in this state or elsewhere. (Sec. 19-2414, I. C. A.)

In view of the disposition of this case, it is unnecessary to discuss appellants' second assignment of error, namely, "that the court erred in refusing to direct a verdict in favor of the defendants upon the persistent violator aspect of the case for the reason that the evidence was insufficient to support the verdict."

We feel free, under the provisions of Sec. 19-2414, supra, and decisions of other states having like or similar statutes, to invoke the statute in the light of legislative intent, and therefore hold that a conviction of a felony in other states will support a judgment enhancing the penalty in this state. While it is true there are many decisions holding to the contrary rule, as herein announced, such holdings are based upon statutes different in language than Sec. 19-2414, supra. No prejudicial error having been shown, the judgment is *affirmed*, and it is so ordered.

Givens, C.J., and Holden, Ailshie, JJ., and Featherstone, D.J., concur.