# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 37627

STATE OF IDAHO,                          )
                                         )      Boise, November 2010 Term
    Plaintiff-Appellant,        )
                                         )      2011 Opinion No. 5
v.                                       )
                                         )      Filed: January 18, 2011
JIM HOWARD, III,                         )
                                         )      Stephen W. Kenyon, Clerk
    Defendant-Respondent.       )
_____  )

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John Thomas Mitchell, District Judge.

District court decision dismissing DUI enhancement, affirmed.

Hon. Lawrence G. Wasden, Attorney General, Boise, for appellant. Kenneth K. Jorgensen, Deputy Attorney General, argued.

Molly J. Huskey, State Appellate Public Defender, Boise, for respondent. Sarah E. Tompkins, Deputy Appellate Public Defender, argued.

_____

BURDICK, Justice

After a jury found Respondent Jim Howard (Howard) guilty of misdemeanor driving under the influence (DUI), Howard proceeded to a bench trial on a felony enhancement charge for allegedly having two prior DUI convictions within ten years. The State submitted two copies of judgments of prior conviction for DUI. While the district court found the judgments admissible under the Idaho Rules of Evidence, it found that one of the judgments was not entitled "full faith and credit," as the judgment did not satisfy I.C. § 9-312 and 28 U.S.C. § 1738 and, therefore, found Howard not guilty of the enhancement. The State appealed, arguing that the district court erroneously required compliance with I.C. § 9-312 and 28 U.S.C. § 1738 and that the judgment sufficed to prove the enhancement because it satisfied the relevant authentication requirements of the I.R.E. The Court of Appeals dismissed the appeal as barred by double jeopardy. The case comes to this Court on a petition for review. We hold that a judgment of conviction need only comply with the I.R.E. in order to be admitted to prove an

1

enhancement. However, we hold that Howard cannot be convicted of the felony DUI enhancement, as obtaining such a conviction requires retrying Howard in violation of the prohibition against double jeopardy. Therefore, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Howard was charged with driving under the influence and driving without privileges. The State sought to enhance the misdemeanor DUI charge to a felony DUI charge pursuant to I.C. § 18-8005(5),[1] alleging that Howard had two prior DUI convictions within the last ten years. The State also sought to enhance Howard's sentence for being a persistent violator, alleging that Howard had committed two prior felony offenses. Howard pled guilty to the charge of driving without privileges and proceeded to trial on the DUI charge. In the first trial, the jury was unable to reach a unanimous verdict on the DUI charge. The second trial was bifurcated. On July 8, 2008, the jury found Howard guilty of DUI. Howard waived his right to a jury trial on the enhancement charges and proceeded to a bench trial.

At the bench trial, held on July 9, 2008, the State offered as evidence the judgments of Howard's DUI convictions from Kern County, California (the "California Judgment"), entered on December 4, 2004, and from Kootenai County, Idaho, entered on December 10, 2003, to prove the felony DUI enhancement. After Howard objected that the prior convictions were not properly before the court, the State requested and was granted a continuance. When the trial resumed on July 15, 2008, the State again offered the two judgments, this time with different supporting documentation. To prove the prior DUI conviction from California, the State offered a copy of the California Judgment together with a seal and an attestation by the clerk of that court. Howard objected, arguing that the California Judgment did not comply with 28 U.S.C. § 1738[2] or I.C. § 9-312.[3] The State acknowledged that it did not provide a certificate of a judge

---

[1] Howard's DUI was committed on March 17, 2008. Idaho Code § 18-8005 has since been amended and the charging enhancement is now I.C. § 18-8005(6).

[2] 28 U.S.C. § 1738, entitled "full faith and credit", provides *inter alia*:
> The records and judicial proceedings of any court of any . . . State . . ., or copies thereof, shall be proved or admitted in other courts within the United States . . . by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form.

[3] Idaho Code § 9-312, entitled "Authentication of judicial record", provides:
> A judicial record of this state, or of the United States, may be proved by the production of the original, or by a copy thereof, certified by the clerk or other person having the legal custody thereof. That of another state or territory may be proved by the attestation of the clerk and the seal of the court annexed, if there be a clerk and seal, together with a certificate of the chief judge or presiding magistrate, that the attestation is in due form.

for the California Judgment, as required by I.C. § 9-312 and 28 U.S.C. § 1738. However, the State argued that the California Judgment need only be admissible under the I.R.E. in order to be admitted and proved for purposes of the charged crime.

On July 15, 2008, the district court ordered simultaneous briefing on the issue of whether I.C. § 9-312 and 28 U.S.C. § 1738 apply to the California Judgment. Howard and the State submitted briefs in support of their positions. Ultimately, the district court stated that it was admitting both judgments into evidence under I.R.E. 902(4)[4] as self-authenticating official records but concluded: "This Court cannot give the [California Judgment] full faith and credit as the requirements of I.C. § 9-312 and 28 U.S.C. § 1738 were not met. Under the Full Faith and Credit analysis, Howard is NOT GUILTY [of the felony DUI enhancement]."

The State timely appealed. The Court of Appeals dismissed the appeal, holding that double jeopardy barred Howard's retrial on the felony DUI charge and that the appeal was moot. The case comes to this Court on a petition for review.

## II. STANDARD OF REVIEW

As we wrote in *Humberger v. Humberger*:

> In cases that come before this Court on a petition for review of a Court of Appeals decision, this Court gives serious consideration to the views of the Court of Appeals, but directly reviews the decisions of the trial court. This Court will not set aside the trial court's findings of fact unless they are clearly erroneous. As to questions of law, this Court exercises free review.

134 Idaho 39, 41, 995 P.2d 809, 811 (2000) (internal citations omitted).

## III. ANALYSIS

The State contends that a prior judgment introduced to prove a DUI enhancement can be admitted into evidence and proved by satisfying the relevant I.R.E. provisions and does not also need to comply with I.C. § 9-312 and 28 U.S.C. § 1738. The State argues that it met its burden

---

[4] Under I.R.E 902(4), the following records are self-authenticating:

> A copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form, certified as correct by the custodian or other person authorized to make the certification, by certificate complying with paragraph (1), (2), or (3) of this rule or complying with any law of the United States or of this State, or rule prescribed by the Idaho Supreme Court.

The district court found that the State's certificate complied with I.R.E. 902(1), which defines a self-authenticating public document under seal as:

> A document bearing a seal purporting to be that of the United States, or of any state, . . . or of a political subdivision, department, officer, or agency thereof, and a signature purporting to be an attestation or execution.

by producing certified copies of Howard's two judgments of convictions for DUI that satisfy the authentication requirements of I.R.E. 902(4), and the district court erred in requiring that the California Judgment comply with I.C. § 9-312 and 28 U.S.C. § 1738. The State asks this Court to vacate the district court's order finding Howard not guilty of the enhancement and remand for resentencing. Howard argues this Court should dismiss the State's appeal, because the appeal: (1) violates the Double Jeopardy Clause of the Fifth Amendment; (2) is specifically prohibited by I.A.R. 11(c)(4); and (3) is moot.

## A. The district court erred in requiring the State to prove that the California Judgment satisfied I.C. § 9-312 and 28 U.S.C. § 1738.

We first address which provisions govern the admission and proof of prior judgments of conviction in enhancement cases. *See State v. Lewis*, 96 Idaho 743, 536 P.2d 738 (1975) (considering State's appeal and finding that the lower court's dismissal was erroneous, even though ultimately holding double jeopardy prohibited retrying Defendant). This is an issue of first impression in this Court and is an issue that is likely to arise again. The legislature has determined that repeat DUI offenders and repeat felony offenders should be subjected to enhanced penalties. The State frequently charges enhancements and, thus, frequently submits prior judgments of conviction to prove enhancement charges, but this Court has not ruled on whether I.C. § 9-312 and 28 U.S.C. § 1738 apply to the foundational or authentication requirements for the admission of those prior judgments.

To prove the felony DUI enhancement, the State put forth copies of judgments of conviction indicating Howard had been convicted of two DUIs within the past ten years. The district court stated that it was admitting both judgments into evidence, finding that they satisfied the self-authentication requirements of I.R.E. 902(4) and 902(2). However, upon concluding that the California Judgment did not comply with I.C. § 9-312 and 28 U.S.C. § 1738, the district court acquitted Howard of the felony DUI enhancement. The district court explained: "If admissibility under the Idaho Rules of Evidence were the end of the inquiry, Howard would be guilty of [the felony DUI enhancement], due to the admission of [the two judgments of conviction]. However, that is not the end of the inquiry . . . ." The district court went on to say that "[c]ompliance with both Idaho Code § 9-312 and 28 U.S.C. § 1738 is mandatory. *State v. Prince* [64 Idaho 343, 132 P.2d 146 (1942)] tells us that."

The State does not challenge the district court's finding that the California Judgment fails to satisfy I.C. § 9-312 and 28 U.S.C. § 1738. The copy of the California Judgment submitted by

4

the State was not accompanied by a certificate from a judge, as required of foreign judgments by both I.C. § 9-312 and 28 U.S.C. § 1738. Rather, the State argues that if a judgment of prior conviction satisfies the I.R.E., it need not also comply with I.C. § 9-312 and 28 U.S.C. § 1738 in order to be admitted and proved.

### 1. The State did not waive this issue.

It is well settled that an issue not raised before the trial court cannot be raised for the first time on appeal. *See State v. Martin*, 119 Idaho 577, 579, 808 P.2d 1322, 1324 (1991). Howard argues that the State cannot raise this issue on appeal, because the State failed to argue why I.C. § 9-312 and 28 U.S.C. § 1738 should not apply, even though it had three opportunities to do so in front of the district court. Howard relies on the statement by the district court that while the State argued that it did not have to comply with I.C. § 9-312 and 28 U.S.C. § 1738, it failed to "tell this court 'why' it has this interpretation."

When Howard objected to the State's admission of the California Judgment at trial, the State responded by arguing that compliance with the I.R.E. was sufficient. After trial, the State submitted a memorandum in support of admissibility of the California Judgment. The district court ordered simultaneous briefing on the issue of whether I.C. § 9-312 and 28 U.S.C. § 1738 apply to the California Judgment, and the State submitted such a brief, arguing that the prior judgments need only be admissible under the I.R.E. The district court devoted the longest section of its Memorandum Decision and Order to analyzing whether I.C. § 9-312 and 28 U.S.C. § 1738 applied to the California Judgment. The district court had the opportunity to, and did, consider the issue. We find that the State argued this issue before the district court and may properly raise it on appeal.

### 2. If a judgment of prior conviction is admissible under the I.R.E., it does not also need to satisfy I.C. § 9-312 or 28 U.S.C. § 1738.

The interpretation of a statute is a legal question over which this Court exercises free review. *State v. Yzaguirre*, 144 Idaho 471, 474, 163 P.3d 1183, 1186 (2007). The district court relied on *State v. Prince*, 64 Idaho 343, 132 P.2d 146 (1942), as precedent showing that a judgment of prior conviction submitted to prove an enhancement must comply with the I.R.E., I.C. § 9-312 and 28 U.S.C. § 1738. The relevant issue in *Prince* was whether the State had to prove that the Oregon courts, which rendered the two judgments of prior conviction submitted to prove a persistent violator enhancement, had jurisdiction to render the judgments. *Prince*, 64 Idaho at 344, 132 P.2d at 147. Upon finding that the judgments submitted by the State in *Prince*

satisfied the then-existing equivalents of I.C. § 9-312 and 28 U.S.C. § 1738,[5] we held that the judgments, "being properly authenticated, were admissible in evidence, and entitled the same faith and credit which would have been accorded to them in the State of Oregon." *Id.* at 345, 132 P.2d at 148.

*Prince* was decided before Idaho adopted the I.R.E. Idaho Rule of Evidence 1102 provides: "Statutory provisions and rules governing the admissibility of evidence, to the extent they are evidentiary and to the extent that they are in conflict with applicable rules of Idaho Rules of Evidence, are of no force or effect." In *State v. Zimmerman*, we applied I.R.E. 1102, finding:

> The trial court should not have considered the admission of the out-of-court statements under I.C. § 19-3024. To the extent that this statute attempts to prescribe the admissibility of hearsay evidence and is in conflict with the Idaho Rules of Evidence, it is of no force or effect. I.R.E. 802 ("Hearsay is not admissible except as provided by these rules or other rules promulgated by the Supreme Court of Idaho."); I.R.E. 1102 ("Statutory provisions and rules governing the admissibility of evidence, to the extent they are evidentiary and to the extent that they are in conflict with applicable rules of Idaho Rules of Evidence, are of no force or effect.").

121 Idaho 971, 974, 829 P.2d 861, 864 (1992).

Idaho Rule of Evidence 901(a) states: "**General Provision.** The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Under I.R.E. 902, certain types of evidence are self-authenticating and do not require extrinsic evidence of authenticity as a condition precedent to admissibility. Certified copies of public records are self-authenticating under I.R.E. 902(4), which provides:

> *Certified Copies of Public Records.* A *copy of an official record* or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form, *certified as correct* by the custodian or other person authorized to make the certification, *by certificate complying with paragraph (1), (2), or (3) of this rule or complying with any law of the United States or of this State, or rule prescribed by the Idaho Supreme Court.*

(First emphasis in the original). The district court admitted the California Judgment under I.R.E. 902(4), finding that the certificate from the county clerk complied with I.R.E. 902(1), which

---

[5] In *Prince*, those provisions are I.C.A. 16-310 and 28 U.S.C.A. § 687, which are now numbered differently but are virtually identical to I.C. § 9-312 and 28 U.S.C. § 1738.

defines a self-authenticating domestic public document under seal as: "A document bearing a seal purporting to be that of the United States, or of any state, . . . or of a political subdivision, department, officer, or agency thereof, and a signature purporting to be an attestation or execution." Idaho Code § 9-312, on the other hand, requires the "attestation of the clerk and the seal of the court annexed . . . *together with a certificate of the chief judge or presiding magistrate*, that the attestation is in due form" to admit and prove a judgment. (Emphasis added).

If I.C. § 9-312 was written to be the exclusive means of admitting and proving judicial records, I.C. § 9-312 would conflict with the I.R.E.'s authentication standards under 902(4) and, thus, I.C. § 9-312 would have no force or effect pursuant to I.R.E. 1102. However, I.C. § 9-312 may be read as merely providing an alternate way of admitting and proving judicial records, which would not conflict with the I.R.E. As stated in I.R.E. 902(4), a copy of a public record can be self-authenticated if it is certified in accordance with *either* I.R.E. 902(1), I.R.E. 902(2), I.R.E. 902(3) or "any law of the United States or of this State, or rule prescribed by the Idaho Supreme Court." As a law of this State, I.C. § 9-312 provides one such means of certifying a public record. We hold that I.C. § 9-312 is not a separate, additional requirement for admitting and proving judicial records, as this would conflict with the I.R.E.; however, I.C. § 9-312 is one method by which a public record may be certified in accordance with I.R.E. 902(4). In this case, the California Judgment satisfied one of the methods of certification set forth in I.R.E. 902(4), namely I.R.E. 902(2). Thus, the district court erred in also requiring the California Judgment to comply with I.C. § 9-312.

The district court also erred in requiring the California Judgment to comply with 28 U.S.C. § 1738. The Full Faith and Credit Clause of the U.S. Constitution provides: "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof." Art. IV, § 1. Congress enacted 28 U.S.C. § 1738 pursuant to this grant of authority, which provides in relevant part:

> The records and judicial proceedings of any court of any . . . State . . ., or copies thereof, shall be proved or admitted in other courts within the United States . . . by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form.

Numerous courts have held that 28 U.S.C. § 1738 is not the exclusive means by which an out-of-state judgment may be authenticated and proven and have held that states can set lesser standards. *See, e.g., Freeman v. Pacific Life Ins. Co.*, 577 S.E.2d 184, 188 (N.C. Ct. App. 2003); *Price v. Price*, 447 N.E.2d 769, 772 (Ohio Ct. App. 1982); *Murphy v. Murphy*, 581 P.2d 489, 492 (Okla. Crim. App., 1978); *Starzl v. Starzl*, 686 S.W.2d 203, 205 (Tex. Ct. App. 1984); *State v. Smith*, 685 N.W.2d 821, 828–29 (Wis. Ct. App. 2004). According to these cases, the aim of 28 U.S.C. § 1738 is to ensure that states recognize the judgments of other states, not to set baseline requirements for admitting and proving prior judgments. We hold that while a judicial record that complies with 28 U.S.C. § 1738 must be given full faith and credit, the State of Idaho may set lesser requirements by which a judicial record can be admitted into evidence and proved. Thus, the district court erred in requiring the California Judgment, which satisfied the I.R.E., to satisfy 28 U.S.C. § 1738.

**B. Due to the prohibition against double jeopardy, Howard cannot be convicted of the felony DUI enhancement.**

The Fifth Amendment of the United States Constitution provides that no person shall be "twice put in jeopardy of life or limb" for the same offense. Article 1, § 13 of the Idaho Constitution provides that "[n]o person shall be twice put in jeopardy for the same offense." When a trial court enters a judgment of acquittal based on a determination that the evidence is factually insufficient to support a charge, the prohibition against double jeopardy bars retrying that charge. *Smalis v. Pennsylvania*, 476 U.S. 140, 144–46 (1986); *State v. Lewis*, 96 Idaho 743, 750, 536 P.2d 738, 745 (1975). The Double Jeopardy Clause prohibits reexamination of a court-decreed acquittal to the same extent that it prohibits reexamination of acquittal by a jury. *Smith v. Massachusetts*, 543 U.S. 462, 467 (2005).

Howard argues that the district court entered an acquittal on the enhancement charge based on its determination that the evidence, in the absence of the excluded California Judgment, was legally insufficient. The State argues that Howard was not "acquitted" of the enhancement for purposes of double jeopardy and that, if this Court rules in the State's favor, Howard can be convicted of the felony DUI enhancement without having to be retried in violation of double jeopardy.

1. The district court acquitted Howard of the felony DUI enhancement charge, triggering double jeopardy protection.

8

A trial court's order constitutes an acquittal for double jeopardy purposes if it "actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged." *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 571 (1977). A trial court's characterization of its action is not dispositive as to whether the dismissal is an acquittal. *United States v. Scott*, 437 U.S. 82, 97 (1978). According to the State, the district court did not resolve any factual elements of the offense in favor of Howard and, thus, Howard was not acquitted for purposes of double jeopardy. We disagree. The district court dismissed the felony DUI enhancement upon determining that the State had failed to prove beyond a reasonable doubt that Howard was convicted of two DUIs within the preceding ten years.

Generally, double jeopardy is triggered even if the legal rulings underlying the acquittal were erroneous. *Sanabria v. United States*, 437 U.S. 54, 64 (1978) ("[W]hen a defendant has been acquitted at trial he may not be retried on the same offense, even if the legal rulings underlying the acquittal were erroneous."). However, there are certain cases, like *State v. Korsen*, 138 Idaho 706, 69 P.3d 126 (2003), where, as the result of an erroneous legal ruling, a defendant cannot be considered to have been "acquitted" for purposes of double jeopardy. In *Korsen*, the magistrate erroneously required the State to prove an additional element for trespass, and the magistrate dismissed the case upon concluding that the State failed to prove this additional, unnecessary, factual element. *Id.* at 717–18, 69 P.3d 137–38. Due to this misapprehension of the law, the magistrate dismissed the case without resolving any factual element in the defendant's favor. *Id* at 718, 69 P.3d at 138. Thus, on appeal, we held that the magistrate's dismissal did not constitute an "acquittal" that triggers double jeopardy. *Id.*

The State argues that *Korsen* is analogous to this case. According to the State, the district court erroneously required the State to prove the additional factual element that the California Judgment satisfies the requirements of I.C. § 9-312 and 28 U.S.C. § 1738. At trial, the district court stated that it was admitting the California Judgment into evidence under the I.R.E. but that the California Judgment was not entitled "full faith and credit." The district court's order states: "If admissibility under the Idaho Rules of Evidence were the end of the inquiry, Howard would be guilty of [the felony DUI enhancement], due to the admission of [the two judgments of conviction]." The district court concluded its analysis by stating: "This Court cannot give the [California Judgment] full faith and credit as the requirements of I.C. § 9-312 and 28 U.S.C. § 1738 were not met. Under the Full Faith and Credit analysis, Howard is NOT GUILTY as to

[the enhancement]." According to the State, these statements show that the district court never resolved a factual element in Howard's favor.

*Korsen* is distinguishable. The felony DUI enhancement charge under I.C. § 18-8005(5) requires proof that Howard was convicted of DUI twice within the preceding ten years. When the district court erroneously demanded compliance with I.C. § 9-312 and 28 U.S.C. § 1738, the district court did not require the State to prove an additional element. Rather, the district court required the State to meet an additional, unnecessary foundational or authentication requirement in order to admit evidence to prove one of the necessary elements of the crime. While the district court did not explicitly set forth what it thought the effect was when it determined that the California Judgment did not satisfy I.C. § 9-312 and 28 U.S.C. § 1738, the court must have deemed the California Judgment either no longer admitted into evidence or, if admitted, not entitled to the evidentiary weight sufficient to prove the prior DUI conviction beyond a reasonable doubt. Thus, the district court's ruling concerning "full faith and credit" was an evidentiary ruling.

The district court often used the term "full faith and credit" when referring to 28 U.S.C. § 1738 and I.C. § 9-312. Both of these statutes clearly concern issues of foundation and proof. The federal full faith and credit statute, 28 U.S.C. § 1738, states in relevant part: "The records and judicial proceedings of any court of any State . . . *shall be proved or admitted* in other courts within the United States . . . . Such Acts, records and judicial proceedings or copies thereof, *so authenticated*, shall have the same full faith and credit in every court within the United States . . . ." (Emphasis added). Idaho Code § 9-312 is entitled "*Authentication* of judicial records" (emphasis added) and reads:

> A judicial record of this state, or of the United States, *may be proved by* the production of the original, or by a copy thereof, certified by the clerk or other person having the legal custody thereof. That of another state or territory may be proved by the attestation of the clerk and the seal of the court annexed, if there be a clerk and seal, together with a certificate of the chief judge or presiding magistrate, that the attestation is in due form.

(Emphasis added).

Furthermore, the district court used terms related to evidentiary issues when it discussed the "full faith and credit" issue. The district court framed the issue as follows:

> Howard argues that because the State did not comply with either the Full Faith and Credit Clause of the Constitution or the Idaho Code, the State has not established the *foundation necessary to admit* the [California Judgment] and *has*

10

*therefore not proven* [the] felony DUI conviction . . . .  The State argues in order for an out-of-state judgment *to be admissible* in Idaho, Idaho courts cannot require more stringent rules than those found in 28 U.S.C. § 1738, but instead, can allow judgments from sister states *to be admitted* with fewer requirements than that federal statute.  The State argues *admitting the California Judgment into evidence* does not violate the Full Faith and Credit Clause.

(Internal citations omitted) (emphases added).  The Order also states:

*The burden on the State to present this proof in a form* which satisfies not only the Idaho Rules of Evidence, but also Idaho Code § 9-312 and 28 U.S.C. § 1738, is not onerous.  *State v. Martinez* spells out *how to provide the proper proof* to the Court or to a jury. . . .  It involves only a slight amount of effort.

(Emphases added).

For the State's argument—that the district court did not rule in favor of Howard on any of the factual elements—to be true, the State must be arguing that the district court's determination that the California Judgment did not satisfy I.C. § 9-312 and 28 U.S.C. § 1738 was *itself* the ground for dismissal.  However, the State provides no theory to explain why the district court may have thought it could dismiss a case purely upon determining that one of the State's pieces of evidence was deemed not to be entitled to "full faith and credit."  After deeming the California Judgment not entitled to "full faith and credit," but before finding Howard not guilty, the district court had to take one more step: the district court must have considered whether the State proved the elements of the enhancement.  Because the district court either excluded the California Judgment or declined to give it evidentiary weight, and because the State submitted only one other alleged prior DUI conviction, the district court found that the State's evidence was insufficient to prove that Howard was convicted of two DUIs within the preceding ten years.  Although it was the result of underlying legal error, the district court's finding of not guilty was a ruling in favor of the defendant based on the evidence presented and the elements of the charged offense and, thus, constitutes an acquittal that triggers double jeopardy protection.

2.  To ultimately convict Howard of the felony DUI enhancement would require retrying him in violation of the prohibition against double jeopardy.

The State argues that even if double jeopardy has been triggered, Howard can still be convicted of the felony DUI without being retried.  The State argues, in effect, that the district court already found Howard guilty of the enhancement; therefore, the district court's finding of guilt can be reinstated if we find that the California Judgment was properly admitted and proved by complying with I.R.E. 902(4).  The State's argument relies on the opening sentence of the

analysis section of the district court's order: "If admissibility under the Idaho Rules of Evidence were the end of the inquiry, Howard would be guilty of [the felony DUI enhancement], due to the admission of [the two judgments of conviction]."

It is established that double jeopardy does not bar the appeal of an acquittal in cases where a jury first returned a guilty verdict. In *Smith v. Massachusetts*, the United States Supreme Court explained:

> When a jury returns a verdict of guilty and a trial judge (or an appellate court) sets aside that verdict and enters a judgment of acquittal, the Double Jeopardy Clause does not preclude a prosecution appeal to reinstate the jury verdict of guilty. *United States v. Wilson*, 420 U.S. 332, 352–353 . . . (1975). But if the prosecution has not yet obtained a conviction, further proceedings to secure one are impermissible: "[S]ubjecting the defendant to postacquittal factfinding proceedings going to guilt or innocence violates the Double Jeopardy Clause." *Smalis v. Pennsylvania*, 476 U.S. 140, 145 . . . (1986).

543 U.S. 462, 467 (2005).

In a bench trial, there is an analogous situation wherein double jeopardy does not bar the appeal of an acquittal. In *United States v. Jenkins*, the Court explained:

> A *general finding of guilt* by a judge may be analogized to a verdict of 'guilty' returned by a jury. *Mulloney v. United States*, 79 F.2d 566, 584 (1st Cir. 1935), *cert. denied*, 296 U.S. 658 . . . (1936). In a case tried to a jury, the distinction between the jury's verdict of guilty and the court's ruling on questions of law is easily perceived. In a bench trial, both functions are combined in the judge, and a general finding of 'not guilty' may rest either on the determination of facts in favor of a defendant or on the resolution of a legal question favorably to him. *If the court prepares special findings of fact*, either because the Government or the defendant requested them or because the judge has elected to make them sua sponte, *it may be possible upon sifting those findings to determine that the court's finding of 'not guilty' is attributable to an erroneous conception of the law whereas the court has resolved against the defendant all of the factual issues necessary to support a finding of guilt under the correct legal standard.*

420 U.S. 358, 366-67 (1975), *overruled on other grounds by United States v. Scott*, 437 U.S. 82 (1978) (emphases added).

While the district court's statement strongly suggests that it would have found Howard guilty, this statement is not enough. It is not a general finding of guilt analogous to a jury verdict of guilty, nor is it a formal finding of guilt. Rather, it is dicta. The district court did not prepare special findings of fact on the elements of the felony DUI enhancement. Thus, even though the district court's statements strongly suggest that it would have done so, we are not able to determine that the district court actually resolved all facts necessary to support a finding of guilt

against the defendant, and are not able to determine that the court's finding of "not guilty" is solely attributable to an erroneous interpretation of law.

In *Jenkins*, the United States Supreme Court held that the district court did not reach a general finding of guilt that could be reinstated if the government prevailed on appeal, noting that "[e]ven if the District Court were to receive no additional evidence, it would still be necessary for it to make supplemental findings." 420 U.S. at 370. Since *Jenkins*, the Court has continued to require a general finding of guilt by the trial court in order for this type of appeal to avoid the double jeopardy bar. In *Lee v. United States*, the Court found that strong statements of guilt made by the trial court did not amount to a general finding of guilt. 432 U.S. 23, 28 n.4 (1977). The Court stated:

> Both sides assume that the District Court's statements, made to justify denial of Lee's motion for judgment of acquittal, *that he had been "proven (sic) beyond any reasonable doubt in the world" and that there was "no question about his guilt; none whatsoever," . . . do not amount to a general finding of guilt*. We agree that the court's comments, in the context in which they were made, cannot be viewed fairly as a general finding of guilt analogous to a jury verdict.

*Id.* (emphasis added). In *Finch v. United States*, the Court held that double jeopardy barred appealing the district court's dismissal for failure to state an offense even where the parties stipulated to the facts, because "no formal finding of guilt or innocence had been entered." 433 U.S. 676, 677 (1977). The Court explained that, "[a]bsent a plea of guilty or nolo contendere . . ., a verdict or general finding of guilt by the trial court is a necessary predicate to conviction." *Id.*

We hold that double jeopardy bars Howard from being convicted of the felony DUI enhancement. The district court's order does not contain special findings of fact that enable this Court to determine that the district court entered a general finding of guilt on the felony DUI charge that could be reinstated on remand. If we were to remand to the district court with instructions that the California Judgment need not comply with either I.C. § 9-312 and 28 U.S.C. § 1738 in order to be admitted and proved, the district court may not need additional evidence, but because there were no specific findings of guilt as to the factual elements of the offense, the district court would have to make such findings in violation of the prohibition against double jeopardy.

## IV. CONCLUSION

13

A judgment of conviction may be admitted and proved by satisfying the relevant provisions of the I.R.E. and does not also need to satisfy the requirements of I.C. § 9-312 or 28 U.S.C. § 1738. Even though the district court erred in requiring compliance with I.C. § 9-312 and 28 U.S.C. § 1738, the prohibition against double jeopardy prevents Howard from being convicted of the felony DUI charge. The district court acquitted Howard of the felony DUI enhancement, triggering double jeopardy protection, and the district court never entered a general verdict based on special findings against Howard on the felony DUI enhancement.

HORTON, J., concurring.

As there is only one aspect of the district court's opinion that is clear – the ultimate conclusion that Howard was not guilty of Part II of the Information – I concur with the majority opinion. I do not join in the dissent for only one reason: having repeatedly read the district court's Memorandum Decision and Order, I am simply unable to understand the reasoning underlying the conclusion that the State failed to meet its burden of proving that Howard had previously been convicted of two or more prior DUI offenses.

The dissent presents strong arguments why this case may be remanded without running afoul of Howard's constitutional right not to be placed twice in jeopardy. In my view, this Court's inability to reach a unanimous decision is solely a product of our disagreement as to what the district court held. The district court's decision is internally inconsistent to the extent that the determination whether the district court reached its decision by implicitly ignoring the exhibits in evidence or reversing its decision to admit those exhibits without explicitly doing so (as the majority concludes) or whether the district court required the State to prove an additional element (as the dissent concludes) is almost a matter of conjecture. I join the majority only because the district court did not explicitly state that it was requiring the State to prove an additional element in order to find Howard guilty of Part II of the Information.

J. JONES, **concurring.**

Chief Justice EISMANN, **dissenting.**

During the court trial on Part II of the information (alleging two prior convictions of driving while under the influence (DUI)) and on Part III of the information (alleging two prior felony convictions), the State offered Exhibit 7, which the district court described as "photocopies of what purported to be court records and court minutes (register of actions/docket) regarding an August 8, 2001, citation for DUI, and what appears to be a December 4, 2002,

conviction on that charge in Superior Court, Kern County, California." The district court sustained an objection to Exhibit 7, but granted the State a continuance to permit it to obtain admissible documents.

At the continued trial, the State offered Exhibit 7B, which was a corrected Exhibit 7. As the district court stated in its memorandum decision: "At the continued trial on Part II and Part III, Exhibit 7B was admitted into evidence. Exhibit 7B comprises the same documents (in different order) as Exhibit 7, but with all the requirements of I.R.E. 902(4) and 902(1) having been met."

Then, in the words of the district court, "At the conclusion of the evidence as to Part II of the Information, this Court ordered simultaneous briefing on July 22, 2008, by both sides on the applicability of the Full Faith and Credit Clause." The court then heard evidence regarding Part III and ruled that it had not been proved, but stated that it would revisit that ruling after considering the briefs regarding the Full Faith and Credit Clause.

With respect to Part II, the district court separately analyzed the Idaho Rules of Evidence and the Full Faith and Credit Clause. In analyzing Part II under the evidence rules, the court held that Part II of the information had been proved. It wrote, "If admissibility under the Idaho Rules of Evidence were the end of the inquiry, Howard would be guilty of Part II, due to the admission of Exhibit 7B and Exhibit 8. However, that is not the end of the inquiry. This Court will discuss the Full Faith and Credit issues next."

The district court then analyzed the requirements of 28 U.S.C. § 1738 and Idaho Code § 9-312 to determine whether the California judgment admitted as Exhibit 7B was entitled to full faith and credit under those statutes.[6] The court concluded, "This Court cannot give the foreign judicial record full faith and credit as the requirements of I.C. § 9-312 and 28 U.S.C. § 1738 were not met. Under the Full Faith and Credit analysis, Howard is NOT GUILTY as to Part II and Part III of the Information."

---

[6] Idaho Code § 9-312 has nothing to do with full faith and credit. The Full Faith and Credit Clause of the Constitution of the United States provides: "Full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state. And the Congress may by general laws prescribe the manner in which such acts, records and proceedings shall be proved, and the effect thereof." The Constitution gives Congress the power to implement the Full Faith and Credit Clause, *id.*, and in 1948 it enacted 28 U.S.C. § 1738 to do so, *Durfee v. Duke*, 375 U.S. 106, 107 n.2 (1963). Idaho Code § 9-312 was enacted by the Idaho legislature in 1881, as one means of proving a foreign judicial record.

Thus, during the court trial, the district court admitted into evidence the California conviction. The court then ordered post-trial briefing "on the applicability of the Full Faith and Credit Clause." After reviewing the briefing, the court adhered to its prior ruling that the California conviction was admissible under the Idaho Rules of Evidence. In fact, the court wrote that "[i]f admissibility under the Idaho Rules of Evidence were the end of the inquiry, *Howard would be guilty of Part II . . . .*" (Emphasis added.) After upholding the admission of the California judgment into evidence, the court conducted its full-faith-and-credit analysis. During that analysis, the court stated, "In the instant case, because of the State's failure to follow either 28 U.S.C. § 1738 or I.C. § 9-312, this Court is unable to give Full Faith and Credit to the documents offered by the State of Idaho." It then concluded: "This Court cannot give the foreign judicial record full faith and credit as the requirements of I.C. § 9-312 and 28 U.S.C. § 1738 were not met. *Under the Full Faith and Credit analysis, Howard is NOT GUILTY as to Part II* and Part III of the Information." (Emphasis added.)

Nowhere did the court state that the California conviction was *inadmissible* under its full-faith-and-credit analysis. It did not reverse itself on the admissibility of the evidence. Rather, it held that for Howard to be guilty of felony DUI, the California DUI had to be both admissible under the Idaho Rules of Evidence and entitled to full faith and credit under 28 U.S.C. § 1738.

By holding that Howard was not guilty of Part II based upon its "Full Faith and Credit analysis," the district court added an additional element that the State was required to prove in order to convict Howard of felony DUI. Because the acquittal was due to the State's failure to prove something that was not an essential element of the offense charged, double jeopardy does not bar retrial. *State v. Korsen*, 138 Idaho 706, 69 P.3d 126 (2003). In *Korsen*, the magistrate acquitted Korsen of trespass for failing to leave a government office after being requested to do so. The magistrate acquitted Korsen because the State had failed to prove that he had done or said anything that would justify the request that he leave, which was not an element of the crime. We held that Korsen could be retried, stating, "Because the magistrate's determination that there was inadequate reason for asking Korsen to leave the Health and Welfare offices did not resolve an essential element of trespassing, the dismissal of the case on that ground does not constitute an 'acquittal' implicating double jeopardy concerns." *Id.* at 717, 69 P.3d at 137. The same analysis applies here. That the California conviction be entitled to full faith and credit under

16

federal law is not an element of the crime of felony DUI.  Therefore, Howard can be retried without violating the Double Jeopardy Clause of the Federal Constitution.

W. JONES, **concurs.**