IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 43915

| STATE OF IDAHO, | ) | |
|---|---|---|
| | ) | Boise, June 2016 Term |
| Plaintiff-Respondent, | ) | |
| | ) | 2016 Opinion No. 117 |
| v. | ) | |
| | ) | Filed: November 2, 2016 |
| SCOTT LEWIS OSTLER, | ) | |
| | ) | Stephen Kenyon, Clerk |
| Defendant-Appellant. | ) | |

Appeal from the District Court of the Sixth Judicial District of the State of Idaho, Bear Lake County. Hon. Stephen S. Dunn, District Judge.

The district court's judgment of conviction is affirmed.

Eric Fredericksen, Interim State Appellate Public Defender, Boise, for appellant. Jason Pintler argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. Russell Spencer argued.

_____

HORTON, Justice.

Scott Ostler was convicted of three counts of lewd conduct with a minor child under sixteen ("lewd conduct"), a violation of Idaho Code section 18-1508, and one count of sexual abuse of a child under the age of sixteen ("sexual abuse"), a violation of Idaho Code section 18-1506. This appeal relates only to a single count of lewd conduct. Ostler claims that the State violated his right to due process by adding an additional lewd conduct charge following a mistrial. The Court of Appeals vacated Ostler's conviction for the additional felony, agreeing that the State violated Ostler's right to due process. We granted the State's petition for review. We affirm the judgment of conviction.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Ostler molested two younger half-sisters on a number of occasions over the course of several years. On December 17, 2013, a jury found him guilty of two counts of lewd conduct and one count of sexual abuse. Ostler was born in May of 1988. The lewd conduct charges related to

1

acts that occurred "on or about and between 2000 and 2008." Thus, Ostler was as young as eleven during the time frame in which the crimes were alleged to have been committed.

Before sentencing Ostler, the district court sua sponte requested that the parties submit briefs regarding the court's subject matter jurisdiction over conduct occurring before Ostler turned fourteen. At the time, Idaho Code section 18-216 provided that a person could not be tried or convicted of an offense if they were less than fourteen years of age at the time of the alleged crime.[1] The district court set aside the verdict, required the State to amend its information to remove allegations of criminal conduct occurring before Ostler turned fourteen, and ordered a new trial. During a January 31, 2014, hearing, Ostler's attorney suggested to the district court that the State's charges may be "substantially different enough" to warrant a preliminary hearing, but the district court disagreed.

Following the hearing, the State filed an amended information which charged Ostler with three counts[2] of lewd conduct and one count of sexual abuse. The amended information excluded any conduct that occurred prior to Ostler turning fourteen. Apart from the earlier suggestion that a new preliminary hearing might be warranted, Ostler did not object to the amendment nor did he object to being retried.

After a second trial, the jury found Ostler guilty of all four counts. On June 4, 2014, the district court entered judgment and sentenced Ostler to concurrent unified sentences of ten years, with three years fixed, and retained jurisdiction. Ostler timely appealed.

Before the Court of Appeals, Ostler argued that the State violated Ostler's right to due process when the State added the third lewd conduct charge following the mistrial. The Court of Appeals agreed and vacated Ostler's conviction for the additional charge. We granted the State's petition for review.

## II.    STANDARD OF REVIEW

"On review of a case from the Court of Appeals, this Court gives due consideration to the Court of Appeals' decision, but directly reviews the decision of the trial court." *State v. Bishop*, 146 Idaho 804, 810, 203 P.3d 1203, 1209 (2009). When an "alleged error was not followed by a

---

[1] Idaho code section 18-216 has since been repealed, effective July 1, 2015. 2015 Idaho Sess. L. ch. 113, § 1, p. 281.

[2] On appeal, the State asserts that Count II of the information upon which Ostler was initially tried related to two distinct acts of lewd conduct and that the amended Count II related to conduct occurring on the east beach of Bear Lake and the new Count III related to conduct occurring on the north beach of Bear Lake. However, the record does not contain any explanation as to how or why the State added the additional felony charge.

2

contemporaneous objection, it shall only be reviewed by an appellate court under Idaho's fundamental error doctrine." *State v. Perry*, 150 Idaho 209, 228, 245 P.3d 961, 980 (2010).

> Such review includes a three-prong inquiry wherein the defendant bears the burden of persuading the appellate court that the alleged error: (1) violates one or more of the defendant's unwaived constitutional rights; (2) plainly exists (without the need for any additional information not contained in the appellate record, including information as to whether the failure to object was a tactical decision); and (3) was not harmless. If the defendant persuades the appellate court that the complained of error satisfies this three-prong inquiry, then the appellate court shall vacate and remand.

*Id.*

### III.    ANALYSIS

This appeal presents one issue: whether the State's act of charging Ostler with an additional felony after the mistrial violated his right to due process as a vindictive prosecution. Ostler did not raise this claim before the district court. Therefore, we consider whether this claim may properly be reviewed for fundamental error.

Generally speaking, "[a] prosecutor is vested with a wide range of discretion in deciding when and what crimes to prosecute." *State v. Vetsch*, 101 Idaho 595, 596, 618 P.2d 773, 774 (1980). However, the United States Supreme Court has held a defendant's due process rights are violated when a prosecutor vindictively retaliates against a defendant for exercising a legally protected right. *Blackledge v. Perry*, 417 U.S. 21, 27–28 (1974). The Supreme Court has reasoned that "[t]o punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort . . . ." *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978).

In order to demonstrate prosecutorial vindictiveness, a defendant must show either actual vindictiveness or apparent vindictiveness. *United States v. Goodwin*, 457 U.S. 368, 372–75 (1982); *Actual and apparent vindictiveness*, 22 C.J.S. Criminal Law § 81 (2016). To show actual vindictiveness a defendant may "prove objectively that the prosecutor's charging decision was motivated by a desire to punish him for doing something that the law plainly allowed him to do." *Goodwin*, 457 U.S. at 384. "[O]nly in a rare case would a defendant be able to overcome the presumptive validity of the prosecutor's actions through such a demonstration." *Id.* at 384 n.19. In contrast, to show apparent vindictiveness a defendant must demonstrate "realistic likelihood of 'vindictiveness.' " *Blackledge*, 417 U.S. at 27. Such a realistic likelihood of vindictiveness leads to "a presumption of vindictiveness, which may be overcome only by objective information

in the record justifying the increased sentence." *Goodwin*, 457 U.S. at 374. However, as recognized by this Court, in the absence of a demonstration of a realistic likelihood of vindictiveness, "a defendant must prove actual vindictiveness." *State v. Robbins*, 123 Idaho 527, 532, 850 P.2d 176, 181 (1993) (applying Supreme Court precedent in the analogous vindictive judicial sentencing context) (citing *Wasman v. United States*, 468 U.S. 559, 569 (1984)). Ostler does not allege actual vindictiveness. Thus, we consider whether he has shown apparent vindictiveness.

In *North Carolina v. Pearce*, the Supreme Court addressed the related concept of judicial vindictiveness, holding that:

> whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.

*N. Carolina v. Pearce*, 395 U.S. 711, 726 (1969), *overruled by Alabama v. Smith*, 490 U.S. 794, (1989). In *Blackledge*, the Supreme Court applied this presumption of vindictiveness to prosecutors in a case in which a prosecutor increased a charge from a misdemeanor to a felony after the defendant exercised a statutory right to a trial de novo. *Blackledge*, 417 U.S. at 22–23. The Supreme Court extended the *Pearce* doctrine to prosecutors in cases that pose "a realistic likelihood of 'vindictiveness.' " *Id.* at 27.

The Supreme Court has subsequently limited the application of the *Pearce* presumption. *Robbins*, 123 Idaho at 531, 850 P.2d at 180 ("In a number of cases after *Pearce*, the Supreme Court has limited the effect of the *Pearce* presumption."). In *Smith*, a case occurring in the judicial sentencing context, the Supreme Court recognized that its holding in *Pearce* was overly broad. *Smith*, 490 U.S. at 799. It reasoned:

> While the *Pearce* opinion appeared on its face to announce a rule of sweeping dimension, our subsequent cases have made clear that its presumption of vindictiveness "do[es] not apply in every case where a convicted defendant receives a higher sentence on retrial." *Texas v. McCullough*, 475 U.S., at 138, 106 S.Ct., at 979. As we explained in *Texas v. McCullough*, "the evil the [*Pearce* ] Court sought to prevent" was not the imposition of "enlarged sentences after a new trial" but "vindictiveness of a sentencing judge." *Ibid.* See also *Chaffin v. Stynchcombe*, 412 U.S. 17, 25, 93 S.Ct. 1977, 1982, 36 L.Ed.2d 714 (1973) (the *Pearce* presumption was not designed to prevent the imposition of an increased

sentence on retrial "for some valid reason associated with the need for flexibility and discretion in the sentencing process," but was "premised on the apparent need to guard against *vindictiveness* in the resentencing process"). Because the *Pearce* presumption "may operate in the absence of any proof of an improper motive and thus ... block a legitimate response to criminal conduct," *United States v. Goodwin, supra*, 457 U.S., at 373, 102 S.Ct., at 2488, we have limited its application, like that of "other 'judicially created means of effectuating the rights secured by the [Constitution],' " to circumstances "where its 'objectives are thought most efficaciously served,' " *Texas v. McCullough, supra*, 475 U.S., at 138, 106 S.Ct., at 979, quoting *Stone v. Powell*, 428 U.S. 465, 482, 487, 96 S.Ct. 3037, 3046, 3049, 49 L.Ed.2d 1067 (1976). Such circumstances are those in which there is a "reasonable likelihood," *United States v. Goodwin, supra*, 457 U.S., at 373, 102 S.Ct., at 2488, that the increase in sentence is the product of actual vindictiveness on the part of the sentencing authority. Where there is no such reasonable likelihood, the burden remains upon the defendant to prove actual vindictiveness, see *Wasman v. United States*, 468 U.S. 559, 569, 104 S.Ct. 3217, 82 L.Ed.2d 424 (1984).

*Id.* at 799–800 (alterations and emphasis original).

Under our fundamental error standard, a defendant must demonstrate that error "plainly exists (without the need for any additional information not contained in the appellate record, including information as to whether the failure to object was a tactical decision)." *Perry*, 150 Idaho at 228, 245 P.3d at 980. This Court expressed concern about one tactical reason for failing to object: "sandbagging," i.e., "remaining silent about his objection and belatedly raising the error only if the case does not conclude in" one's favor. *Id.* at 224, 245 P.3d at 976 (quoting *Puckett v. United States*, 556 U.S. 129, 134 (2009)); *see also State v. Cortez-Figueroa*, 855 S.W.2d 431, 439–40 (Mo. Ct. App. 1993) (citing sandbagging concerns when holding that a claim of vindictive prosecution was not preserved when defendant failed to object to the enhancement of a charge from a class B felony to a class A felony because defendant refused to waive the right to a jury trial).

The State points out that Ostler effectively deprived the State of the opportunity to rebut the presumption by failing to raise the claim that his prosecution was presumptively vindictive. The State contends that if we accept Ostler's contention that he was the victim of vindictive prosecution, defendants will be provided with a powerful incentive to remain silent in circumstances presenting the appearance of prosecutorial vindictiveness. That is because if the defendant does not raise the claim before the trial court and the State does not proactively provide an explanation for the increased charge, the defendant is guaranteed to win on appeal. The State is correct. Allowing defendants in Ostler's position to raise the claim for the first time

on appeal deprives the State of the opportunity to rebut the presumption of vindictiveness. The effect is to convert the rebuttable presumption into an irrebuttable presumption. We are not willing to do so.

The proper avenue for Ostler to seek relief is in post-conviction proceedings. "If there is insufficient evidence in the appellate record to show clear error, the matter would be better handled in post-conviction proceedings." *Perry*, 150 Idaho at 226, 245 P.3d at 978. Ostler "may still file a petition for post-conviction relief proceedings in order to ascertain whether defense counsel's failure to object to the alleged error constituted ineffective assistance of counsel." *Id.* at 227 n.7, 245 P.3d at 979 n.7. Ostler's claim of prosecutorial vindictiveness requires further factual development as to why the State added the additional lewd conduct charge.[3]

## IV.    CONCLUSION

We affirm the district court's judgment of conviction.

Chief Justice J. JONES and Justices EISMANN, BURDICK and W. JONES, **CONCUR**.

---

[3] Another issue that may be explored in post-conviction proceedings is whether Ostler's counsel was ineffective for failing to object to the retrial. Although we express no opinion on the matter, we note that there may be a question as to whether, in the first trial, the State failed to prove Ostler's age at the time of his crimes. This may be a failure of proof that implicates his right to be free from double jeopardy. *State v. Howard*, 150 Idaho 471, 478, 248 P.3d 722, 729 (2011) ("When a trial court enters a judgment of acquittal based on a determination that the evidence is factually insufficient to support a charge, the prohibition against double jeopardy bars retrying that charge.").